Charles William SUMMERS *v.* STATE of Arkansas

CR 89-166                                    780 S.W.2d 541

Supreme Court of Arkansas
Opinion delivered December 4, 1989

*Lynn Frank Plemmons*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

STEELE HAYS, Justice. In this appeal from a conviction for delivery of a controlled substance, appellant raises two points for reversal: the sufficiency of the evidence and whether the prosecuting attorney was acting without sufficient authorization. We find no merit in either argument.

Appellant, Charles Summers was charged with the offense of delivery of a controlled substance, marijuana, the alleged delivery occurring on March 10, 1988. The case was heard by a jury on December 8, 1988, which returned a verdict of guilty and sentenced appellant to four years. Appellant appeals from that conviction.

Appellant first argues that the evidence at trial, which was all circumstantial, was insufficient to support a verdict and his directed verdict motion should have been granted.

A motion for a directed verdict constitutes a challenge to the sufficiency of the evidence and on appellate review, we look to see whether the verdict is supported by substantial evidence. *Nichols* v. *State*, 280 Ark. 173, 655 S.W.2d 450 (1983). Substantial evidence, whether direct or circumstantial, must be of sufficient force and character that it will, with reasonable and material certainty, compel a conclusion one way or the other. It must force or induce the mind to pass beyond suspicion or conjecture, and a verdict should only have been directed where there was no evidence from which the jury could have found the defendant guilty without resorting to surmise and conjecture. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

In determining the sufficiency of the evidence, it is necessary to ascertain only the evidence favorable to the appellee and it is permissible to consider only that testimony which supports the verdict of guilt. *Brown* v. *State*, 278 Ark. 604, 648 S.W.2d 67 (1983). Circumstantial evidence is sufficient to sustain a conviction as it may constitute substantial evidence. *Still* v. *State*, 294 Ark. 117, 740 S.W.2d 926 (1987). In order for circumstantial evidence to be sufficient to support a finding of guilt in a criminal case, it must exclude every other *reasonable* hypothesis consistent with innocence. However, whether the evidence excludes every other reasonable hypothesis is for the finder of fact to determine. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988).

Our Controlled Substance Act, Ark. Code Ann. § 6-64-101(f) (1987) provides:

"Deliver" or "Delivery" means the actual, constructive, or attempted transfer from one (1) person to another of a

controlled substance or counterfeit substance in exchange for money or anything of value, whether or not there is an agency relationship.

The question presented is whether the evidence was more reasonably conclusive of guilty activity than innocent, so as to constitute sufficient evidence on the charge of delivery. The state's case consisted of two witnesses who identified the controlled substance and one undercover officer, Brad Bennett, who testified to the events surrounding the delivery transaction. Bennett's testimony revealed the following: a confidential informant had made a call to Larry Summers, brother of the appellant, and Bennett and the informant met with Larry Summers on March 8, 1988, at the Blue Bonnet Lounge in Morrilton. Appellant was at the meeting. The purchase of a pound of marijuana and one-eighth ounce of cocaine by Bennett was discussed. Appellant did not participate in the discussion but was present during the conversation.

On March 10th, Bennett and the informant met with Larry at his place of business, a muffler shop, the purpose of the meeting being for Bennett to show his purchase money to Larry. Later that day, about 6:00 p.m., Bennett, the informant, and Larry met briefly at the Blue Bonnet and agreed on the transaction. The three then drove to appellant's residence. Appellant had just driven up to the residence as they arrived and all four went inside. Appellant and Larry then went into the kitchen. Bennett and the informant remained in the living room. Larry came back to the living room and said that he needed the money then. Bennett counted $1,000 and gave it to Larry, who took it back to the kitchen. Larry returned without the money and sat down with Bennett. Appellant then came out of the kitchen, said he would be back in a little while, and left the house.

Bennett, the informant, and Larry waited some two hours at the Blue Bonnet and then went back to appellant's residence, where they found appellant sitting in the living room. He motioned to Larry and the two went to the kitchen. Larry returned with the paper sack containing marijuana. Appellant also returned to the living room and Bennett examined the contents. Larry suggested they smoke some marijuana but Bennett told him he had no rolling papers. Appellant went to the

kitchen and returned with a packet of rolling papers. A "joint" was rolled and passed around but it was not smoked by appellant.

■ The appellant's testimony closely tracks the activities described by Bennett, but fills in the gaps with innocuous detail. There are some factual differences and in some respects appellant's version is more incriminating as he states he was at the Blue Bonnet at *both* of the meetings. At two other points where conduct described by Bennett was particularly incriminating, appellant offered a different version of the events. He stated that he was at the Blue Bonnet but heard no discussions about a drug transaction. He also described a less incriminating, but less plausible, sequence of events surrounding the transfer of the marijuana at his home. Without going into greater detail, viewing the evidence in the most favorable light from appellee's statement, it is sufficient to meet the test of substantiality.

Appellant also argues the case should be reversed and remanded for a new trial due to the fact that the deputy prosecuting attorney was acting without authorization under state law. Ark. Code Ann. § 16-21-113 (1987), provides for the appointment of deputy prosecuting attorneys by the prosecutors of the judicial districts and among other pertinent matters requires judicial approval of the appointment:

> Ark. Code Ann. § 16-21-113(a)(2) (1987). The appointment shall not take effect until approved in writing, by the judge of the circuit court of the district. The approval shall be filed in the office of the clerk of the circuit court of the county for which such deputy is appointed.

■ Without implying that the argument has merit, we note that it was not presented to the trial court until after the appellant had been tried and convicted. The point was initially raised by way of a motion for a new trial, and it was not incumbent on the trial court to reopen the case on the basis of a belated, collateral attack on the authority of the deputy prosecuting attorney who had, at least, de facto status to act on behalf of the state. *State* v. *Roberts*, 255 Ark. 183, 499 S.W.2d 600 (1973); *Faucette, Mayor* v. *Gerlach*, 132 Ark. 58, 200 S.W. 279 (1918).

530

For the reasons stated, the judgment is affirmed.