Sammie Lee EMBRY and John Wesley Phillips a.k.a. Ibraheem Shabazz *v.* STATE of Arkansas

CR 90-36                                                      792 S.W.2d 318

Supreme Court of Arkansas
Opinion delivered July 2, 1990

*James R. Marchewski*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. Sammie Lee Embry and John Wesley Phillips, aka Ibraheem Shabazz, were each convicted of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver. Embry was sentenced to 20 years on the cocaine charge and five years on the marijuana charge. Phillips was found to be an habitual offender, previously convicted of four or more felonies and was thus sentenced to life imprisonment on the cocaine charge and to 20 years on the marijuana charge. Both defendants appeal the convictions. We find the appeal of Embry to be meritorious and reverse and dismiss his convictions. Phillips's appeal, however, is without merit, and we therefore affirm.

Embry and Patricia Booker had an off-and-on relationship; consequently, Embry spent considerable amounts of time at Booker's residence at 1414 May Avenue in Fort Smith. Embry, who was the father of Booker's child, kept clothing at Booker's house and frequently stayed there.

Law enforcement authorities placed the house under surveillance as a probable outlet for drugs and gave identifiable currency to a confidential informant who was to make a drug buy at that address. When the informant returned, he delivered a quantity of crack cocaine to the authorities. The police obtained a search warrant, and at 2:50 p.m. the officers conducted a search of the Booker residence. They found illicit controlled substances and arrested Booker, Phillips, and others at the scene. Embry was not at the house at the time of the search and arrests. About an hour later, after leaving work, he arrived at the residence and was taken into custody.

Three alleged errors are asserted for reversal:

(1) The trial court erred in denying motions for a directed verdict on behalf of Sammie Embry on the basis that there was insufficient evidence to establish that Embry had constructive possession of the drugs;

(2) The trial court erred in denying motions for a directed verdict on behalf of John Wesley Phillips on the basis that there was insufficient evidence to establish that Phillips had constructive possession of the drugs;

(3) The trial court erred in permitting testimony about the

"buy money."

■■ It is well established that the state need not prove that the accused had actual possession of a controlled substance; constructive possession is sufficient. *Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988); *Osborne* v. *State*, 278 Ark. 45, 643 S.W.2d 251 (1982). Constructive possession, which is the control or right to control the contraband, can be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Plotts* v. *State*; *Osborne* v. *State*.

■ Where there is joint occupancy of the premises where the contraband is seized, some additional factor must be found to link the accused to the contraband. *Plotts* v. *State*; *Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123 (1985). *See also Ravellette* v. *State*, 264 Ark. 344, 571 S.W.2d 433 (1978). In such instances, the state must prove that the accused exercised care, control, and management over the contraband and also that the accused knew that the matter possessed was contraband. *Plotts* v. *State; Williams* v. *State*, 289 Ark. 443, 711 S.W.2d 825 (1986). To illustrate the requirements in a factual context, in *Williams*, an automobile search case, we held the evidence insufficient to support a conviction for possession of marijuana when the accused was driving a vehicle containing traces of the substance on the vehicle floorboard and on his passenger's clothing, but none on the accused. In *Westbrook*, contraband was found in the kitchen of a house owned by the accused and jointly occupied with another. The accused had a superior right to control the property, attempted to hide a jewelry box containing $3,700 from officers, and made an incriminating statement. In *Plotts*, the accused owned and occupied the vehicle in which the contraband was found, though it was operated by another person, and made a "somewhat suspicious statement" to the officers.

■ The appellant Embry was not present when the house was entered and searched and had no controlled substance on his person at the time of the arrest. He had no ownership interest in the house or furnishings, though he was a frequent (if not full-time) occupant and kept personal clothing there. It cannot be said that he had a superior or an equal right to the control of the house. He made no effort to dispose of any incriminating matter and

made no incriminating statement.

The facts here are similar to those in *Sanchez* v. *State*, 288 Ark. 513, 707 S.W.2d 310 (1986). There, a conviction was returned on the theory of constructive possession where the accused was a resident of the apartment but had no ownership interest and was not where any of the drugs or paraphernalia was located. In reversing, this court stated that "the jury could only have speculated that [the accused] possessed these drugs because the state did not prove it."

The same may be said with equal emphasis as to the appellant Embry. He possessed no contraband, and the state failed to prove that he constructively possessed either the marijuana or cocaine found at the residence. His conviction must therefore be reversed.

Considering next the challenge by the appellant Phillips/ Shabazz to the sufficiency of the evidence, the record reveals an entirely different scenario under the same facts. Though Phillips had no possessory interest in the house or furnishings, he had sold marijuana, according to testimony, and another substance thought to be cocaine inside the Booker house and at the front door; he was present at the time of the search and attempted to flee from the officer entering the front door; then, when confronted by officers entering through the back door, he tossed away a cigarette package later determined to contain marijuana cigarettes. During the search, the officers discovered a .25 caliber semi-automatic pistol in a closet which had been brought to the Booker house by Phillips and was later found to belong to Phillips's girlfriend.

■ All of the recited evidence was abundantly sufficient to overcome a motion for directed verdict, and, as in *Sanchez*, was sufficient to support the jury's finding of guilt.

The state contends that Phillips's motion for directed verdict was made without stating any grounds and is therefore insufficient to preserve for appeal a challenge to the sufficiency of the evidence. *See Parette* v. *State*, 301 Ark. 607, 786 S.W.2d 817 (1990); *Mine Creek Contractors, Inc.* v. *Grandstaff*, 300 Ark. 516, 780 S.W.2d 543 (1989). In this instance we find it unnecessary to rule on the state's contention.

Lastly, the appellants contend that the trial court erred in permitting testimony concerning the "buy money" recovered during the search.

The officers recorded the serial numbers of the currency before giving it to their informant. The informant was then sent to the Booker residence and returned with a portion of crack cocaine. The original informant did not actually make the buy but procured another to do so. When the residence was subsequently searched, eight of the bills were found in a woman's jacket in the bedroom closet.

The appellants attack the "buy money" evidence as hearsay and also contend that its relevancy was outweighed, under A.R.E. Rule 403, by the unfair prejudice created. Answering first the relevancy argument, a trial court's ruling on the relevancy of evidence is entitled to great deference and its determination will not be reversed absent an abuse of discretion. *Walker* v. *State*, 301 Ark. 218, 783 S.W.2d 44 (1990). We find no such abuse of discretion here.

The appellants' hearsay argument gives us some concern. However, the officers testified from their own personal knowledge as to what they did, what they observed, and what they found when making a lawful search. This evidence, as a whole, tends to establish why the officers had the house under surveillance in the first instance and why they ultimately conducted their search. *See Dandridge* v. *State*, 292 Ark. 40, 727 S.W.2d 851 (1987). Furthermore, the officer conducting the surveillance saw the informant coming from the Booker house, though he did not actually see the "buy." From the testimony of the officers the jury could conclude that a purchase had been made inside Booker's house. Under these particular circumstances, we agree with the ruling of the trial court that the evidence was admissible and was not hearsay.

Pursuant to the provisions of Supreme Court Rule 11(f), we have examined the abstract and supplemental abstract and find no adverse ruling resulting in prejudicial error.

As to the appellant Sammie Embry, we reverse and dismiss. As to the appellant John W. Phillips, aka Ibraheem Shabazz, the

judgment of the trial court is affirmed.