James CROSSLEY *v.* STATE of Arkansas

CR 90-260                                      802 S.W.2d 459

Supreme Court of Arkansas
Opinion delivered January 28, 1991

*William C. McArthur* for appellant.

*Ron Fields*, Att'y Gen., by: *John D. Harris*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant appeals from his convictions of possession of a controlled substance with intent to deliver and possession of drug paraphernalia for which he received fifty years imprisonment and fines of $60,000. He contends (1) the evidence was insufficient to sustain the convictions and (2) the trial court erred in refusing to grant a mistrial because of the prosecutor's remarks during opening statement and of his questioning of one of the state's witnesses. We find no merit in appellant's contentions, and therefore, we affirm.

In considering appellant's sufficiency of the evidence argument, we consider only the evidence that is favorable to the state and that supports the appellant's convictions. *See Summers* v. *State*, 300 Ark. 525, 780 S.W.2d 541 (1989). Appellant's arrest emanated from law enforcement officers' attempt to effect a lawful search of a vacant house at which appellant was seen conducting a drug transaction. The search was triggered by police surveillance of the house, and the officers' observation of the appellant giving cocaine to Jake Boone while both men were on the porch. When the officers approached the house, appellant was seen leaving out the back. Officer Robert Thomas pursued appellant and saw him enter a nearby trailer. After a young woman allowed Thomas to enter, he heard a commode flush. Thomas located the appellant in the bathroom where appellant

was "hovered" over the toilet. When appellant saw Officer Thomas, he immediately closed and sat on the commode. After ordering appellant to get up, Thomas found green leafy vegetable material circling inside the toilet. Thomas also found around the bottom of the toilet a total of seven hard rock substances, which proved to be cocaine base. In the pat down search of appellant, Thomas obtained the keys to a red Pontiac Fiero which was parked nearby the house in which appellant had been observed making his drug exchange with Boone. After entering the car, officers found a rock of crack cocaine, various pieces of drug paraphernalia and a nine millimeter semi-automatic weapon loaded with twenty-one live rounds of ammunition.

■ Appellant argues that none of the drugs were found on his person, and the state's evidence failed to show he was in possession of the drugs and paraphernalia with which he was charged. Such an argument is meritless. Neither exclusive nor physical possession is necessary to sustain a charge if the place where the offending substance is found is under the dominion and control of the accused. *Cary* v. *State*, 259 Ark. 510, 534 S.W.2d 230 (1976). Put in other terms, the state need not prove that the accused had actual possession of a controlled substance; constructive possession is sufficient. *Embry* v. *State*, 302 Ark. 608, 792 S.W.2d 318 (1990). Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.* Here, when Officer Thomas located appellant in the trailer, Thomas also found appellant attempting to destroy or conceal any evidence of controlled substance. Further, the controlled substances were then retrieved from an area which was immediately and exclusively accessible to appellant at that time. Such suspicious behavior coupled with appellant's proximity with the contraband is clearly indicative of possession. *See Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988); *Sanchez* v. *State*, 288 Ark. 513, 707 S.W.2d 310 (1986).

■ The evidence, we conclude, also was sufficient for the jury to find the drugs and paraphernalia discovered in the Pontiac Fiero belonged to appellant. Officer Gorum had seen appellant driving the Fiero on a number of occasions. On the day of appellant's arrest, Officer Gorum saw the appellant drive and park the Fiero at the house where he later conducted his drug transaction with Boone. Gorum observed no one else in the car

with appellant. As noted earlier, the appellant possessed the keys to the Fiero vehicle, and after appellant's arrest, those keys were used to open the vehicle. The ammunition found in the car was the same type found in the house used by the appellant for the drug deal with Boone. While circumstantial, such evidence may constitute substantial evidence and support a conviction. *See Summers* v. *State*, 300 Ark. 525, 780 S.W.2d 541 (1989). We believe the evidence was sufficient for the jury to conclude the Fiero and its contents were immediately and exclusively accessible to the appellant and subject to his control.

■ Next, appellant argues the trial court erred when it refused to grant a mistrial when the prosecutor mentioned in opening statement that the Fiero vehicle was registered to Alice Crossley, apparently a relative of appellant. As already discussed, evidence of appellant's access to and control of the car and its contents was sufficient to support his convictions, and any reference to the car's registration papers was not prejudicial error. Mistrial is an extreme and drastic remedy that should only be resorted to when there has been an error so prejudicial that justice could not be served by continuing the trial. *Wingfield* v. *State*, 303 Ark. 291, 796 S.W.2d 574 (1990).

■ Appellant's final point of error is that the court should have granted a mistrial when the state asked its witness, Jake Boone, if he had received threats in connection with his testimony. The witness never answered the question, and the trial court admonished the jury to completely disregard the question. Again, these circumstances fail to demonstrate any prejudicial error to the appellant.

Affirmed.