Marvin NICHOLS *v*. STATE of Arkansas

CR 91-56                                    815 S.W.2d 382

Supreme Court of Arkansas
Opinion delivered September 16, 1991
[Rehearing denied October 21, 1991.]

*John L. Kearney*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Elizabeth A. Vines*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Marvin Nichols, was convicted of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver and was sentenced as an habitual offender to sixty years on the cocaine count and twenty years on the marijuana count, with the two sentences to run consecutively. He raises numerous issues on appeal.

The facts, though somewhat in dispute, are these. On March 3, 1990, several police officers of the City of Pine Bluff executed a search warrant and made a surprise visit to the appellant's residence. The time was described as sometime after 8:30 in the evening. According to a policeman involved in the search, Officer Alexander, the search warrant had been obtained as a result of a

confidential informant's purchase of a controlled substance from the appellant three days earlier. Officer Alexander testified that he entered the kitchen of the appellant's residence and found the appellant and three more people sitting around a table where contraband — crack cocaine in a salt shaker, a large cocaine rock in a plastic container, and marijuana in plastic bags — was in plain view. Witnesses for the appellant disputed this testimony at trial. Other people were standing around the kitchen area, and one person was smoking a crack pipe. No cocaine or marijuana was found on the appellant's person. He was arrested and charged with possession with intent to deliver the controlled substances that were on the table.

## I.

### SUFFICIENCY OF THE EVIDENCE

We first review the appellant's challenge to the sufficiency of the evidence relating to his possession of controlled substances. Motions for a directed verdict on grounds of insufficient evidence were appropriately made by the appellant at the end of the state's case and at the close of all the evidence. Thus, in conducting this review we must look to whether substantial evidence exists to support the verdict. *Cerda* v. *State,* 303 Ark. 241, 795 S.W.2d 358 (1990). Evidence is substantial if it is of sufficient force to compel reasonable minds to reach a conclusion and pass beyond mere suspicion and conjecture. *Hodge* v. *State*, 303 Ark. 375, 797 S.W.2d 432 (1990); *Cerda* v. *State.* When there is *no* evidence from which a jury could find the defendant guilty without resorting to speculation and conjecture, the judge should grant a directed verdict. *Scherrer* v. *State,* 294 Ark. 227, 742 S.W.2d 877 (1988). In considering the appellant's argument, this court may only consider the evidence that is favorable to the state and supports the appellant's convictions. *Summers* v. *State*, 300 Ark. 525, 780 S.W.2d 541 (1989).

The proven facts in this case are more than enough to qualify as substantial evidence. The premises involved here were described by the police officers as the appellant's residence. According to Officer Alexander, the appellant was seated at the kitchen table at the time of the raid with the contraband in plain view on the table in front of him. Though this testimony was disputed by defense witnesses, the jury clearly chose to believe

Officer Alexander. Since others joined the appellant around the table, we cannot conclude that the contraband was exclusively within his possession. But we have held that constructive possession exists where joint occupancy of the premises occurs and where there are additional factors linking the accused to the contraband. *See Embry* v. *State,* 302 Ark. 608, 792 S.W.2d 318 (1990). Those additional factors include a) whether the accused exercised care, control, and management over the contraband, and b) whether the accused knew the material was contraband. *Id; see also Crossley* v. *State,* 304 Ark. 378, 802 S.W.2d 459 (1991). This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *See Plotts* v. *State*, 297 Ark. 66, 759 S.W.2d 793 (1988). We have little hesitancy in holding that substantial evidence of constructive possession exists where the abundant contraband lay in front of the appellant in plain view on the table in his house.

## II.

### *MOTION TO STRIKE*

The appellant next contends that it was highly prejudicial for the prosecutor to bring out in the testimony of Officer Alexander that the appellant had sold controlled substances three days before the raid on his house, when no charges had been brought against the appellant in connection with that sale. More specifically, the appellant argues that the trial judge erred in failing to strike this testimony and admonish the jury to disregard it. In resolving this issue the chronology of the appellant's motion to strike is important. The motion was first made by counsel after Alexander described the drug sale. Yet, after initially moving to strike the drug-sale testimony, counsel told the judge that he would "wait" on his objection.

At the conclusion of officer Alexander's direct testimony, counsel for the appellant approached the bench, and this colloquy ensued:

> Defense Counsel: We would, at this time, move to strike testimony as being unduly inflammatory, and I can do that, and not relevant, and not raise the objection or

whatever to the search warrant. I can do that at another time.

The Court: Okay.

Defense Counsel: I assume that the Court is going to deny —

The Court: I can't until I hear the motion. Do you want to do it now, or I can reserve you the right to do it?

Defense Counsel: I'll wait.

The Court: Okay.

It was not, however, until both the prosecutor and the defense had rested that counsel moved the trial judge to strike the drug sale testimony as prejudicial and to admonish the jury to disregard it. The prosecutor opposed the motion on grounds of waiver due to the delay in making it and, further, on the basis that the drug sale formed the underlying basis for the search warrant. The trial judge agreed that a waiver had occurred and denied the motion.

■ With this chronology before us, it is not necessary to reach the issue of any, prejudice that may have resulted from the drug sale testimony. Defense counsel simply waited too long to raise the issue. Our case law is clear that in order to preserve an issue for appeal, an objection to evidence must be made at the first opportunity to do so. *See Ferrell* v. *State,* 305 Ark. 511, 810 S.W.2d 29 (1991); *Munnerlyn* v. *State,* 293 Ark. 209, 736 S.W.2d 282 (1987); *Hill* v. *State,* 285 Ark. 77, 685 S.W.2d 495 (1985). Even if the objection and motion were deemed to have been made during Alexander's testimony, they were clearly withdrawn. An objection and motion pertaining to the testimony of the state's first witness are not timely made when they are renewed after numerous state and defense witnesses have testified and after both sides have rested. This issue was not preserved for appeal.

## III.

### *SEARCH WARRANT*

■ The appellant's third issue relates to the second. He contends that the prosecutor brandished the search warrant

around the courtroom, used it in testimony, and referred to the circumstances leading up to its issuance. The appellant further argues that the search warrant itself was not introduced into evidence, and its validity was not proven, all of which prejudiced the defense. The appellant, however, failed to make any objection concerning the search warrant's validity at trial, and we have been consistent in holding that such a lapse forecloses our review of the matter on appeal. *See Ferrell* v. *State, supra; Gregory* v. *Gordon,* 243 Ark. 635, 420 S.W.2d 825 (1967).

## IV.

### *INSTRUCTION ON CONSTRUCTIVE POSSESSION*

The appellant also argues that the instruction given to the jury on constructive possession did not correctly state the law. The record, however, does not reflect that the defense counsel objected to the instruction in controversy offered by the prosecutor. Failure to raise an objection to a specific instruction is fatal to an appellant's right to have the issue reviewed on appeal. See *Garrison* v. *State,* 13 Ark. App. 245, 682 S.W.2d 772 (1985). Because no objection was made, this argument must fail.

## V.

### *MODIFICATION OF SENTENCE*

The appellant was sentenced as an habitual offender to sixty years for possession with intent to deliver cocaine. This crime is an unclassified felony, and the appellant contends, with the concurrence of the Attorney General, that the appropriate term of years for sentencing is not more than fifty years. *See* Ark. Code Ann. § 5-4-501(a)(7) (1987). We have authority to modify sentences in excess of statutory limits. *See* Ark. Code Ann. § 16-91-113(c)(3); *see also Ellis* v. *State,* 270 Ark. 243, 603 S.W.2d 891 (1980). We, therefore, reduce the sentence for possession with intent to deliver cocaine from a term of sixty years to fifty years, the maximum term of years under § 5-4-501(a)(7). In all other respects the sentence shall remain the same.

Along these same lines the appellant argues that because this is a circumstantial case, his sentence was excessive. The argument is without merit. As modified, the sentence is within the statutory limits. We do not review the severity of a

sentence which is within the lawful maximum, except in capital cases. *See Andrews* v. *State*, 283 Ark. 297, 675 S.W.2d 636 (1984). The convictions and sentences are affirmed as modified.