Marvin NICHOLS *v.* STATE of Arkansas

CR 96-130                                              944 S.W.2d 83

Supreme Court of Arkansas
Opinion delivered April 29, 1997

*B. Kenneth Johnson* and *J. Eric Hagler*, for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

PER CURIAM. The appellant, Marvin Nichols, was convicted of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver and was sentenced as a habitual offender to a total of eighty years in prison. In *Nichols v. State,* 306 Ark. 417, 815 S.W.2d 382 (1991), we affirmed each of the convictions, but we modified the sentence for possession of cocaine with intent to deliver. As a result of the modification, Nichols's total sentence was reduced to seventy years' imprisonment.

When Nichols was convicted in 1990, Rule 37 had been abolished and replaced with Ark. R. Crim. P. 36.4. While Rule 36.4 was in effect, a defendant who wished to assert ineffective assistance of counsel had thirty days from the entry of judgment to file a motion for a new trial. Nichols did not seek postconviction relief under that rule, but pursued a direct appeal before this court. We issued the appellate mandate on October 22, 1991. Nichols subsequently filed a petition pursuant to Rule 37 after it was reinstated in 1991. The Jefferson County Circuit Court denied Nichols's petition as untimely, and we affirmed in *Nichols v. State,* CR93-819 (November 15, 1993).

Nichols subsequently sought habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Arkansas. The magistrate ordered that a writ of habeas corpus would issue within 120 days unless Nichols was afforded a postconviction hearing pursuant to Rule 36.4. As a consequence of that order, the Jefferson County Circuit Court held a hearing and considered the merits of Nichols's petition for postconviction relief. The circuit court denied the petition, and Nichols appeals that order. We affirm.

The facts surrounding Nichols's conviction and sentence were these. On March 3, 1990, several officers from the Pine Bluff Police Department executed a search warrant at Nichols's residence. The time was described as sometime after 8:30 in the

evening. According to Officer Alexander, a detective who was involved in the search, the search warrant had been obtained as a result of a confidential informant's purchase of a controlled substance from Nichols three days earlier. Officer Alexander also testified that he entered the kitchen of Nichols's residence and found Nichols and three more people sitting around a table where cocaine and marijuana were in plain view.

During the trial, Nichols moved to strike Officer Alexander's testimony concerning the previous purchases made by the confidential informant. The trial court, finding that he waived the objection because it was not made at the first opportunity, denied the motion. We affirmed that ruling in the direct appeal. *Nichols v. State, supra.*

In this appeal, Nichols argues that the circuit court erred in denying his petition for postconviction relief. He argues that he is entitled to such relief because he did not receive effective assistance of counsel during his trial. Specifically, he contends that his trial counsel did not engage in meaningful discovery; that his counsel failed to lodge timely objections to certain testimony and evidence; and that his counsel failed to adequately advise him of the effects of a plea offer from the State.

We can only reach the merits of Nichols's argument concerning the extent of his counsel's pretrial investigation. The order denying postconviction relief refers only to this argument, and there is no reference to the timeliness of counsel's objections during the trial or the alleged failure to adequately advise Nichols of the effects of the State's plea offer. In pertinent part, the Trial Court's order discusses the ineffective assistance of counsel claim:

> Petitioner's amendment alleges as grounds that petitioner's rights were violated in that he. . .(3) was afforded ineffective trial counsel, specifically that his attorney did not file appropriate discovery motions that resulted in his conviction.
>
> ***
>
> That this matter proceeded to hearing on the ineffective assistance of counsel claim. The Court has heard the original trial; the State's witnesses; defense counsel; Defendant; and two

witnesses — one actually called at trial and one who was a potential witness. The testimony of one of witness centers on his lack of preparation time with petitioner's attorney prior to trial. The second witness was not called to testify although ostensibly available. This second witness testified that he saw drugs in petitioner's home the night of his arrest. He was not called to testify before the jury.

This defendant/petitioner has the right to the assistance of effective counsel. The Defendant, by his lackadaisical and nonchalant attitude toward his impending trial, prevented his attorney from presenting a good defense as he could have.

The defendant has an obligation to assist his attorney in preparation, which he did not do.

This Court concludes that the attorney did not do a great job for this Defendant: He did a constitutionally adequate job.

Since the order, as abstracted, indicates that the Trial Court only ruled upon Nichols's argument concerning his counsel's pretrial investigation, that is the only argument we can consider on appeal. It is the appellant's obligation to obtain a ruling in order to preserve arguments for appeal. *Bowen v. State*, 322 Ark. 483, 911 S.W.2d 555 (1996).

Nichols argues that his counsel was ineffective because he failed to engage in meaningful discovery. In particular, Nichols contends that his counsel relied on the State's "open file" policy in lieu of filing a motion for discovery; that he failed to interview the State's witnesses, and that he failed to interview or otherwise investigate several potential defense witnesses. In response, the State argues that these claims have no merit because Nichols has not demonstrated how he was prejudiced by the alleged errors. We agree.

To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so seri-

ous as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland v. Washington*, 466 U.S. 668 (1984).

■ Nichols argues that his counsel did not engage in a reasonable pretrial investigation because he admitted, in his testimony during the postconviction hearing, that he did nothing more than rely on the file that was provided to him by the State in the early stages of the case. Nichols specifically refers to his counsel's inability to recall whether he obtained a copy of the search warrant before the trial. He does not argue, however, how he was prejudiced by his counsel's alleged failure to obtain the search warrant before the beginning of trial. Nichols also fails to set forth what additional information his attorney could have obtained by filing a motion for discovery. Because Nichols has failed to make a showing of prejudice for this alleged error, we must affirm on this issue.

Nichols's next argument concerning the extent of his counsel's pretrial investigation concerns his counsel's alleged failure to interview certain defense witnesses. Specifically, he contends that he provided his counsel with a list of witnesses, including the names of people who were present when the search warrant was executed. Nichols argues that his counsel performed deficiently because he failed to interview any of these witnesses prior to trial. In response, the State argues that Nichols has failed to show prejudice because he has not set forth any additional information, affecting the outcome of the trial, that would have been discovered in an interview of these witnesses. We agree.

In his brief, Nichols discusses three witnesses who his trial counsel failed to interview prior to trial. The first witness, Joe Hardwell, testified during the trial, and again during the postconviction hearing. During the trial, Mr. Hardwell testified that he knew Nichols for seven to eight years, and that he never knew him to sell drugs. Mr. Hardwell also testified that he was in Nichols's home when the search warrant was executed, and that Nichols was not sitting at the kitchen table, where the drugs were located, when the police arrived. At the hearing, Mr. Hardwell testified that Nichols's trial counsel never contacted him prior to trial.

Nichols's argument regarding Mr. Hardwell primarily concerns his attorney's failure to interview him prior to his testimony during the trial. He contends that an interview of this witness, if it had taken place, would have revealed information that could have been elicited during direct examination in the trial. Nichols does not explain, however, what this information what have been, and consequently, he does not demonstrate prejudice from his attorney's alleged failure to interview Mr. Hardwell.

Nichols also argues that an interview with another potential defense witness, Mitchell Lane, would have revealed the names of two other potential witnesses who were present when the search warrant was executed. Once again, Nichols fails to explain what information could have been elicited from these witnesses, and how the outcome of his trial would have been different if his attorney interviewed them prior to trial.

Lastly, Nichols contends that his trial counsel should have interviewed Clevent Frazier prior to the beginning of trial. Mr. Frazier testified at the trial, but did not testify at the postconviction hearing. During the trial, Mr. Frazier testified that he knew Nichols for six years, and that he was present when the search warrant was executed. Mr. Frazier also testified that Nichols was not at the kitchen table with the drugs when the police arrived.

As in the case of Mr. Hardwell and the other witnesses, Nichols has failed to explain what additional testimony, if any, could have been elicited from Mr. Frazier if his counsel had inter-

viewed him prior to the trial. Consequently, Nichols has failed to demonstrate how he was prejudiced by his attorney's alleged inadequate investigation of these witnesses.

Nichols next argues that his counsel did not interview any of the police officers that executed the search warrant at his home, and he contends that if such interviews had taken place, his counsel would have learned of the existence of the search warrant and the circumstances surrounding its execution. Nichols also argues that if his counsel had interviewed Detective Alexander, one of the officers who executed the warrant, he would have learned that the warrant was based on two earlier drug buys made by a confidential informant at Nichols's residence. He suggests that if his counsel learned of the earlier buys prior to trial, he would not have waived the objection during Officer Alexander's testimony.

In response, the State argues that Nichols has failed to demonstrate any prejudice that resulted from his counsel's alleged failure to interview the witnesses who testified on behalf of the State. The State acknowledges that Nichols refers to specific facts that would have been discovered if the interviews had taken place, but it contends that Nichols has not demonstrated how the outcome of the trial would have been different if the facts had been known. We agree.

While Nichols argues that interviews with police officers would have revealed the existence of the search warrant and the fact that it was based on the two previous drug buys by a confidential informant, he does not explain how this information would have affected the outcome of his trial. He suggests that his attorney, if he had known about the drug buys, would not have waived his objection during the trial. Nichols does not, however, argue how the objection, if not waived, would have been meritorious and led to a different outcome in his trial. Accordingly, we must affirm.

Affirmed.