Charles E. MAYO *v*. STATE of Arkansas

CA CR 99-268                                        20 S.W.3d 419

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered June 28, 2000

*James Law Firm*, by: *William Owen James*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge.    Charles Mayo was charged in Pulaski County Circuit Court with possession of marijuana,

second offense, a class D felony, and simultaneous possession of firearms and drugs, a class Y felony. Following a bench trial on November 13, 1998, Mayo was found guilty of possession of marijuana, first offense, a class A misdemeanor. He was sentenced to one year in the county jail and fined $1,000.00. The sole issue on appeal is whether the evidence was sufficient to support the conviction. We hold that it was not and reverse.

Two witnesses testified at trial — Robert Hinman, a Little Rock Police Officer, for the State, and the defendant, Charles Mayo. Officer Hinman testified that he went to a house at 4020 Ludwig Street on a burglary call. With him were Officers Harland, Van Pelt, and Stankovitz. Hinman and Harland entered the house through the back door. Officer Hinman testified that as he walked down a hall he saw Mayo looking around the corner. He testified that although he did not see Mayo sitting on a couch it appeared to him that he was, based on Mayo's position when he looked around the corner.

The officers ordered everyone to the ground and entered what seems to have been a living room. They found Mayo and another man in the room and Officer Hinman testified that Mayo was lying down with his feet between a couch and a coffee table. On the coffee table there were three "cigars" with marijuana in them, two of which had been smoked. There was also a small amount of loose marijuana. Officer Hinman testified that he could smell an odor of marijuana in the room, but agreed on cross-examination that he did not include that fact in his report of the incident. A loaded pistol was also found on the couch on which the officer believed Mayo was sitting. Officer Hinman testified that the house did not belong to the defendant and that there was nothing found to link him to the house.

Charles Mayo testified that he lived on West 42nd Street and had stopped by the house on Ludwig because he heard a football game on the television and wanted to get the score. He said he knocked on the door and "Andre" answered. He testified that when the police officers arrived he was not sitting on the couch but was standing in the room watching the game. He admitted that he saw the marijuana on the table but denied that it was his and denied having smoked any of it.

Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. *Sublett v. State*, 337 Ark. 374, 989 S.W.2d 910 (1999). The law makes no distinction between circumstantial and direct evidence in a review for sufficiency. *Williams v. State*, 338 Ark. 97, 991 S.W.2d 565 (1999). However, for circumstantial evidence to be sufficient, it must exclude every other reasonable hypothesis consistent with innocence. *Smith v. State*, 337 Ark. 239, 988 S.W.2d 492 (1999). Whether the evidence excludes every such hypothesis is ordinarily for the trier of fact to determine. *See Yocum v. State*, 325 Ark. 180, 925 S.W.2d 385 (1996). In determining the sufficiency of the evidence, we view it in the light most favorable to the State. *Freeman v. State*, 331 Ark. 130, 959 S.W.2d 400 (1998). The trier of fact is not required to believe the testimony of the defendant. *See, Rankin v. State*, 338 Ark. 723, 1 S.W.3d 14 (1999). While the question of the sufficiency of the evidence is dependent on the facts of the particular case, the issue is one of law. *Bridges v. State*, 46 Ark. App. 198, 878 S.W.2d 781 (1994).

It is not necessary to prove actual or physical possession in order to prove a defendant is in possession of a controlled substance. *See Ramey v. State*, 42 Ark. App. 242, 857 S.W.2d 828 (1993). Instead, a showing of constructive possession, which is the control or right to control contraband, is sufficient. *See Cerda v. State*, 303 Ark. 241, 795 S.W.2d 358 (1990). Constructive possession may be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Parette v. State*, 301 Ark. 607, 786 S.W.2d 817 (1990). Where there is joint occupancy of the premises where the contraband is seized, some additional factor must be found to link the accused to the contraband. *Embry v. State*, 302 Ark. 608, 792 S.W.2d 318 (1990). In such instances, the State must prove that the accused exercised care, control, and management over the contraband and also that the accused knew that the matter possessed was contraband. *Parette, supra*.

In the case at bar, the question is reduced to whether the State made a sufficient showing that Mayo "exercised care, control, and management over the contraband." Although appellant argues that he was not sitting on the couch, we conclude that the trial judge could find that he was based on the testimony. Even so, we

are not persuaded that the State proved that the defendant exercised control over the marijuana.

In *Sanchez v. State*, 288 Ark. 513, 707 S.W.2d 310 (1986), the supreme court reversed the conviction of Gary Piercefield. Piercefield was found hiding in a closet in an apartment containing drugs and drug paraphernalia. The court pointed out that the apartment was not Piercefield's and that there was no evidence that he had any connection with it. In *Embry v. State*, 302 Ark. 608, 792 S.W.2d 318 (1990), the court reversed a conviction on somewhat similar facts, even though the defendant was "a frequent (if not full-time) occupant and kept personal clothing there." The court noted that the defendant made no effort to dispose of any incriminating matter and made no incriminating statement. In *Mosley v. State*, 40 Ark. App. 154, 844 S.W.2d 378 (1992), we reversed a conviction when the defendant was found with six other people in a small room in an apartment containing contraband and drug paraphernalia. We held that while control over the contraband may be inferred from the circumstances, the evidence was insufficient to permit that inference. We affirmed a conviction in *Sinks v. State*, 44 Ark. App. 1, 864 S.W.2d 879 (1993). In *Sinks*, the defendant was the only person in the residence when a search warrant was executed. He was found lying on a bed where cocaine was located. In *Nichols v. State*, 306 Ark. 417, 815 S.W.2d 382 (1991), the court found the evidence sufficient to sustain a conviction on possession of drugs where the defendant and three others were sitting around a kitchen table where cocaine and marijuana were in plain view. In *Nichols*, the court pointed out that the house belonged to the defendant.

The State relies on *Bond v. State*, 45 Ark. App. 177, 873 S.W.2d 569 (1994). First, we are not persuaded that cases involving the possession of contraband in automobiles are fully applicable to cases involving homes or apartments. Second, in *Bond* there was testimony that the officer smelled an odor of smoking marijuana and that the appellant appeared to have "glassy eyes." In the case at bar, there was no evidence that the marijuana "cigars" were burning at the time of the officers' entry. There is no evidence that the defendant was under the influence of drugs.

In the case at bar, the trial judge could find that the defendant was seated on a couch near a coffee table where marijuana was in plain view and the defendant admitted that he was aware of the

presence of contraband. As against that, it is undisputed·that the defendant had no connection with the residence and·that there was another individual present when the police entered the room. On these facts, we conclude that the evidence presented the trial court with a choice so evenly balanced that the finding of guilt necessarily rested on conjecture. *See Cassell v. State*, 273 Ark. 59, 616 S.W.2d 485 (1981).

Reversed.

HART, PITTMAN, MEADS, and CRABTREE, JJ., agree.

ROAF, J., concurs.