Jerry Dean COOPER *v.* STATE of Arkansas

CA CR 03-525 141 S.W.3d 7

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered January 14, 2004

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

J OHN B. ROBBINS, Judge. Appellant Jerry Dean Cooper was convicted in a bench trial of the following four felonies: (1) manufacture of methamphetamine; (2) possession of methamphetamine with intent to deliver; (3) possession of paraphernalia with intent to manufacture methamphetamine; and (4) possession of pseudoephedrine with intent to manufacture methamphetamine. Mr. Cooper was sentenced to twelve years in prison for each felony conviction, to be served concurrently. He was also convicted of misdemeanor possession of marijuana and sentenced to one year in the county jail.

Mr. Cooper now appeals from his four felony convictions, arguing that none are supported by substantial evidence because the State failed to prove he possessed any of the items associated with the meth lab. Mr. Cooper does not appeal his marijuana conviction. We agree that there was insufficient evidence to support his felony convictions, and we reverse and remand.

When reviewing a challenge to the sufficiency of the evidence, the evidence is viewed in the light most favorable to the State, and only the evidence supporting the verdict will be considered. *Stone v. State*, 348 Ark. 661, 74 S.W.3d 591 (2002). A conviction is affirmed if substantial evidence exists to support it. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion beyond suspicion or conjecture. *Id.*

Officer Anthony Moore testified that he received a tip from a confidential informant that a meth lab was being operated at 4123 South Shackleford Road in Little Rock. Based on the tip, Officer Moore proceeded to the residence and knocked on the door. As he was approaching the house, Officer Moore noticed a strong chemical odor.

Officer Moore testified that he met with the owner of the house, Donald Whitaker, and that Mr. Whitaker signed a form consenting to a search of the house. Officer Moore stated that the only other person present in the house was appellant, Mr. Cooper, and that Mr. Cooper gave verbal consent to search. Mr. Cooper had a bedroom and was living in the house.

Upon inspecting the house, Officer Moore observed some marijuana and white residue on a mirror in plain view. At that time both men were arrested, and Officer Moore did a pat-down search of Mr. Cooper. During the search, Mr. Cooper told Officer Moore that he had marijuana and methamphetamine in his pocket, but Officer Moore only found marijuana. After the search, Mr. Cooper remembered that he placed the baggie of methamphetamine on the kitchen table, and Officer Moore found it there. The methamphetamine found on the table was determined to weigh 0.15 grams.

Officer Moore testified that he continued to search the house and found a locked basement door. The police removed the lock and discovered a large meth lab in the basement. There was a cook taking place and the odor was extremely strong. There was testimony establishing that the ephedrine-reduction method was being used. The police seized all kinds of paraphernalia used to manufacture methamphetamine, along with pseudoephedrine and large quantities of finished product.

There was testimony from two police officers that, while they were not present during the search, Peter Hannah and Janet White had access to the house. They, along with two other people, had previously been seen coming and going from the house. Officer Moore testified on cross-examination that the owner of the house told him that Mr. Hannah had the keys to the lock on the basement door.

■ For reversal of his felony convictions, Mr. Cooper argues that there was insufficient evidence that he constructively possessed any of the items associated with the meth lab. Appellant acknowledges that circumstantial evidence can constitute substantial evidence to support a conviction when every other reasonable hypothesis consistent with innocence is excluded. *See Kirwan v. State*, 351 Ark. 603, 96 S.W.3d 724 (2003). However, he contends

that the circumstantial evidence was insufficient in this case because it was reasonable to conclude that someone else possessed the meth lab.

 In *Crossley v. State*, 304 Ark. 378, 802 S.W.2d 459 (1991), our supreme court discussed constructive possession as follows:

> Neither exclusive nor physical possession is necessary to sustain a charge if the place where the offending substance is found is under the dominion and control of the accused. *Cary v. State*, 259 Ark. 510, 534 S.W.2d 230 (1976). Put in other terms, the State need not prove that the accused had actual possession of a controlled substance; constructive possession is sufficient. *Embry v. State*, 302 Ark. 608, 792 S.W.2d 318 (1990). Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.*

*Id.* at 380, 802 S.W.2d at 460. Mr. Cooper argues that the State failed to establish constructive possession because there was no evidence that he exercised control over the contraband at issue.

Mr. Cooper contends that the State proved that he lived at the house, but nothing more. He notes that the lab was found in the basement of the house, and that he was never seen in proximity of the basement. He further notes that there was a lock on the basement and no evidence that he had a key, while there was evidence that Mr. Hannah had a key. Further, there was no evidence that Mr. Cooper's bedroom contained any contraband. Mr. Cooper submits that there was no evidence that he even knew the meth lab was there, much less exercised control over it. He further asserts that even if he knew it was there, there was no evidence that he knew what it was or knew of its incriminating nature. Mr. Cooper asserts that "the sole testimony was that [I] was literally locked out of that room." Because the State failed to prove he constructively possessed any of the contraband associated with the meth lab, appellant requests that this court reverse each of his four methamphetamine-related convictions.

 We agree that there was a lack of evidence to connect Mr. Cooper to any of the contraband found in the basement. Joint occupancy is not in itself sufficient to establish possession on joint possession; there must be some additional factor linking the accused to the contraband. *Gwatney v. State*, 75

Ark. App. 331, 57 S.W.3d 247 (2001). In this case it is arguable that Mr. Cooper was not even an occupant of the area containing the meth lab because it was behind a locked door and there was no evidence that Mr. Cooper had access. Nevertheless, even if we consider him a joint occupant there were insufficient linking factors. While he admitted to possessing a small quantity of methamphetamine found on the kitchen table, there was no evidence to suggest that it was produced by the methamphetamine lab. Under the particular facts of this case, we hold that the State failed to prove constructive possession of the items associated with the meth lab.[1]

■■ Pursuant to our holding, we reverse Mr. Cooper's convictions for manufacture of methamphetamine, possession of paraphernalia with intent to manufacture methamphetamine, and possession of pseudoephedrine with intent to manufacture methamphetamine. While there was not substantial evidence to support appellant's conviction for possession of methamphetamine with intent to deliver, there was clearly substantial evidence to support a conviction for the lesser-included offense of possession of methamphetamine, given that appellant admitted to possession of the small quantity seized from the kitchen table. Where the evidence is insufficient to sustain a conviction for a certain crime, but where there is sufficient evidence to sustain a conviction for a lesser-included offense, we may sentence the defendant or remand the case to the trial court for resentencing. See Allen v. State, 64 Ark. App. 49, 977 S.W.2d 230 (1998). We elect to remand the case with instructions to sentence Mr. Cooper for possession of methamphetamine, a Class C felony.

Reversed and remanded.

HART, BIRD, VAUGHT, and ROAF, JJ., agree.

PITTMAN, J., dissents.

---

[1] The dissent relies on Walley v. State, 353 Ark. 586, 112 S.W.3d 349 (2003), in concluding that there was an additional factor linking Mr. Cooper to the methamphetamine lab. However, the contraband in that case was found in a residence occupied by Mr. Walley, and there was no evidence recited in the opinion that he jointly occupied the residence with another person.

JOHN MAUZY PITTMAN, Judge, dissenting. There was evidence at trial that a large, complete, and functioning methamphetamine lab was found in the basement of the house where appellant lived with the owner. When the police arrived, appellant told them that he lived there and admitted possessing a quantity of methamphetamine.

I disagree with the majority's holding that the evidence was insufficient to support a finding that appellant was in constructive possession of the methamphetamine lab, precursors, and other paraphernalia, and, in light of that conclusion, I also disagree with the decision to reduce the conviction for possession with intent to deliver. The State need not prove that the accused physically possessed the contraband in order to sustain his convictions if the location of the contraband was such that it could be said to be under the dominion and control of the accused, *i.e.*, constructively possessed. *Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003).[1] Constructive possession can be implied when the contraband is in the joint control of the accused and another. *Id.* Joint occupancy, though, is not sufficient in itself to establish possession or joint possession. There must be some additional factor indicating the accused's knowledge and control of the contraband and linking it to the accused. *Id.*

As was the case in *Walley, supra*, the issue here is whether the State presented the jury with additional evidence linking appellant to the methamphetamine lab. In *Walley*, the supreme court held that the obvious presence of an ongoing drug manufacturing process and chemical odor detectable from outside the residence were, by themselves, facts from which

> the jury could reasonably conclude that Walley knew of the existence of the drugs and drug manufacturing paraphernalia in the kitchen of his residence. The jury did not have to believe Walley's testimony that he did not notice the smell in the house, did not notice the stains in the kitchen, did not notice the black plastic on the windows, and did not know what was in the locked cabinets.

---

[1] The majority, in a footnote, attempts to distinguish *Walley* by asserting that there was no evidence of joint occupancy in that case. I suggest that it is odd to suggest that joint occupancy was not at issue in *Walley*; the supreme court devoted considerable attention to that issue, thoroughly discussed the law that is peculiarly applicable to it, and based its decision on its analysis of joint occupancy.

*Id.* at 597, 112 S.W.3d at 354. In the present case, we have similar evidence showing appellant's knowledge, *i.e.,* an extensive, currently operating methamphetamine lab in appellant's home, and a chemical odor that could be detected from the street.

When joint occupancy has been established, as it was here, all that is required to prove constructive possession is an additional factor linking the accused to the contraband. In the present case, we have an additional factor linking appellant to the methamphetamine lab — appellant admittedly possessed methamphetamine when the police arrived to search his residence. I cannot agree that the jury was required to believe that the lock on the laboratory door was any more than a ruse on the part of the manufacturers, or that appellant's admitted possession of methamphetamine — the end product of the manufacturing process — is not as compelling an additional factor as Walley's purchase of materials that could have been used to manufacture methamphetamine but could equally well have been used for an aquarium.

I respectfully dissent.