2011 Ark. 3

Juan ESTRADA, Appellant

v.

STATE of Arkansas, Appellee.

No. CR 10–225.

Supreme Court of Arkansas.

Jan. 13, 2011.

James Law Firm, Little Rock, by: William O. James, Jr., for appellant.

Dustin McDaniel, Att'y Gen., by: Pamela A. Rumpz, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice.

Appellant Juan Estrada was found guilty by a jury in Pulaski County Circuit Court of rape, in violation of Ark.Code Ann. § 5–14–103 (Repl.1997), and sexual abuse in the first degree, in violation of Ark.Code Ann. § 5–14–108 (Repl.1997).[1] He was sentenced to life imprisonment. Therefore, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2) (2010). On appeal, appellant contends that there was insufficient evidence to convict on both the rape and sexual-abuse charges and that the circuit court erred in denying appellant's motion for a new trial. We affirm.

Appellant was charged by felony information on September 29, 2008, with rape in violation of Ark.Code Ann. § 5–14–103 and sexual assault in the second degree in violation of Ark.Code Ann. § 5–14–125. The State amended the sexual-assault charge at trial to sexual abuse in the first degree, Ark.Code Ann. § 5–14–108 (Repl. 1997), to reflect the statute in effect at the time of the alleged offenses, and appellant did not object to the amendment.[2]

Appellant was tried on October 15, 2009. At trial, fifteen-year-old C.O. testified that her mother and appellant's wife were sisters. She stated that appellant's daughter—C.O.'s cousin—often served as babysitter when C.O. was younger and that at times, she was left alone with appellant. C.O. testified that when she was four years old, appellant had her sit in his lap; touched her "private areas" with his hands; kissed her on her mouth and neck; and took her to the bedroom where he penetrated her vagina with his penis. C.O. testified that her family moved out of state when she was five years old but that when they came for a visit when she was seven

---

1.  We refer to the 1997 versions of these statutes because those were the statutes in effect when appellant committed the offenses.

2.  Sexual abuse in the first degree, Ark.Code Ann. § 5–14–108 (Repl.1997), a class C felony, was repealed and replaced with sexual assault in the second degree, Ark.Code Ann. § 5–14–125 (Repl.2006), a class B felony. The elemental requirements of sexual abuse in the first degree and sexual assault in the second degree are substantively the same.

years old, appellant again had sexual intercourse with her when she was left alone with him. C.O. stated that her family moved back to Arkansas when she was eight years old and that when she was twelve or thirteen years old, she told her cousin C.P. about the abuse. Shortly thereafter, C.O. told her mother about the abuse, who advocated that C.O. file a report. Thereafter, C.O. told a school resource officer, who filed a report on her behalf.

Eighteen-year-old C.P. testified that her mother, C.O.'s mother, and appellant's wife were sisters. C.P. stated that she lived in Arkansas until she was seven years old and then moved back when she was twelve years old. C.P. testified that in December 1999, when she was eight years old, her family had come to Arkansas for a visit and stayed with appellant's family. C.P. stated that during that visit, she slept downstairs on the couch; that while she was asleep, appellant climbed on top of her; that he attempted to kiss her; that he rubbed her between her legs through her clothes; that he took her pants off and his pants off; and that he rubbed his penis against her vagina.

Appellant took the stand and denied the charges. He claimed that C.O.'s mother had "a thing" for him and that after he rejected her, these allegations came to light. Appellant's wife and adult daughter testified that they never saw any inappropriate behavior on appellant's part. The jury found appellant guilty of raping C.O. and sexually abusing C.P.

Following the jury trial, on October 23, 2009, appellant filed (through new counsel) a motion for new trial asserting that the circuit court's denial of an oral motion for continuance made on the day of trial prevented appellant from receiving a fair trial. A hearing was held on the motion on November 10, 2009. At that hearing, the court heard testimony from appellant's trial counsel, appellant, and appellant's wife. During argument from counsel, appellant's counsel stated the following:

Your Honor, you know, simply pursuant to 16–89–136 and 7, this Court has the power to grant a new trial whenever it's determined that the Defendant did not receive a fair or impartial trial. The case of *Finch v. State*, 262 Ark. 313 [556 S.W.2d 434 (1977)], which actually is a 1977 case, does indicate that a denial of a motion for continuance is a proper ground for motion for new trial if the Defendant is showed to be prejudiced by it.

Your Honor, I would point the Court toward the transcript that is attached to the Motion that lays out the arguments that were made by Miss Turner, and I think the Court will find that the demeanor of that motion for the continuance to the Court is somewhat different from her defensive nature on the stand today.

It seems, you know, again, some people have the Public Defender, not because they don't have any money, because of some other problem. The money is more of a symptom than the problem, and, you know, for her to say that it's not my job to get witnesses I think is a complete misrepresentation of an attorney's obligation with regard to cases.

I'm sure Miss Turner is heavily burdened by her case load, but the Court also knows, and she noted in her motion for continuance that she had had a broken leg, and she had been off work. And it certainly does not indicate anywhere in her motion that she'd had any problems with getting in touch with my client, nor had attempted to do so.

I'd just also point out that again the testimony of my client and his wife was

that they gave that information to her in April, a month prior to the day before the trial, which I would assume the Court would—Well, it just makes sense that somebody would know the name of their family and the name of the witnesses in April would, just doesn't follow logic.

I would ask the Court to grant a new trial based on those arguments.

In denying the motion for new trial, the circuit court ruled from the bench, stating "I can't say that [the trial judge] abused his discretion in hearing this and denying that motion for continuance."

For his first point on appeal, appellant claims that the State failed to produce sufficient evidence for the jury to convict him of rape and first-degree sexual abuse. Specifically, appellant contends that the State's evidence to prove rape was deficient because there was no evidence other than C.O.'s testimony that appellant engaged in sexual intercourse with her by forcible compulsion. Moreover, appellant maintains that the State failed to prove sexual abuse of C.P. because its evidence did not establish that appellant penetrated C.P. or engaged in "deviate sexual activity" with C.P.

■■■ Appellant properly moved for a directed verdict at all necessary points during the trial. We have held that a motion for a directed verdict is a challenge to the sufficiency of the evidence. *Arnett v. State*, 353 Ark. 165, 122 S.W.3d 484 (2003). The test for such motions is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id.* On appeal, we review the evidence in the light most favorable to the State and consider only the evidence that supports the

verdict. *Id.* We have held that the credibility of witnesses is a matter for the jury's consideration. *Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007). Where the testimony is conflicting, we do not pass upon the credibility of the witnesses and have no right to disregard the testimony of any witness after the jury has given it full credence, where it cannot be said with assurance that it was inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ thereon. *Davenport v. State*, 373 Ark. 71, 281 S.W.3d 268 (2008).

■■■ To prove rape, the State had to show that appellant engaged in sexual intercourse or deviate sexual activity with a person less than fourteen years old. Ark. Code Ann. § 5–14–103(a)(4) (Repl.1997). "Sexual intercourse" is defined as "penetration, however slight, of the labia majora by a penis." Ark.Code Ann. § 5–14–101 (Repl.1997). It is well settled that the testimony of a rape victim, standing alone, is sufficient to support a conviction if the testimony satisfies the statutory elements of rape. *Rohrbach v. State*, 374 Ark. 271, 287 S.W.3d 590 (2008). Furthermore, the rape victim's testimony need not be corroborated, and scientific evidence is not required. *Kelley v. State*, 375 Ark. 483, 292 S.W.3d 297 (2009).

■■ To prove first-degree sexual abuse, the State was required to prove that appellant was over the age of eighteen and engaged in sexual contact with a person under the age of fourteen who was not his spouse. Ark.Code Ann. § 5–14–108(a)(4) (Repl.1997). "Sexual contact" is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, or buttocks, or anus of a person or the breast of a female." Ark.Code Ann. § 5–14–101 (Repl. 1997). It is not necessary for the State to

provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act. *Holloway v. State*, 312 Ark. 306, 849 S.W.2d 473 (1993); *McGalliard v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991).

▮ Here, there was sufficient evidence for the jury to convict appellant of both rape and first-degree sexual abuse. Specifically, C.O. testified that appellant had sexual intercourse with her several times from the time she was four years old until she was seven years old. Her testimony alone is sufficient evidence to prove rape without corroboration or forensic findings. Even though appellant denied the allegations, credibility and weight of the evidence are issues properly before the fact-finder. Furthermore, C.P. testified that appellant rubbed his penis on her vagina both through her clothes and without her clothes. It was reasonable for the jury to determine that there was no plausible reason for such an act other than for the purpose of sexual gratification and that appellant's conduct constituted sexual contact under the statute.

▮ Appellant argues that the State failed to prove rape because there was no evidence of forcible compulsion and because there was no evidence other than C.O.'s testimony to support the rape charge, especially in light of the testimony of appellant, his wife, and his daughter. Appellant is wrong on both counts. The State was not required to prove forcible compulsion because C.O. was under the age of fourteen at the time of the sexual intercourse. Although Ark.Code Ann. § 5–14–103 includes a forcible-compulsion component, that element is not required where the adult is accused of having sexual intercourse with someone under the age of fourteen. Moreover, our case law has consistently held that the testimony of the rape victim alone can sustain a conviction for rape and that credibility issues are left for the jury to resolve.

▮ Appellant also argues that the State failed to prove first-degree sexual abuse on the basis that appellant's actions did not constitute sexual abuse because there was no evidence that he penetrated C.P. and because there was no evidence that his conduct constituted deviate sexual activity. Again, appellant is mistaken as to what the State was required to prove. The plain language of Ark.Code Ann. § 5–14–108 is clear—penetration is not an element of first-degree sexual abuse. Furthermore, the statutory language never mentions "deviate sexual activity." Rather, it requires sexual contact, which the State in this instance proved through C.P.'s testimony that appellant rubbed his penis on her vagina.

For his second point on appeal, appellant contends that the circuit court erred in denying his motion for new trial because his trial counsel was ineffective. However, in his reply brief, appellant concedes that he failed to preserve his ineffective-assistance argument for appellate review and withdraws that point on appeal. We agree that appellant's ineffective-assistance argument is not preserved because it was not raised to the circuit court below. *See Rackley v. State*, 371 Ark. 438, 267 S.W.3d 578 (2007). Mindful of our obligation pursuant to Arkansas Supreme Court Rule 4–3(i) (2010) in cases involving life imprisonment, we have reviewed the merits of the circuit court's adverse ruling that the appellant did preserve with his motion for new trial—whether the circuit court erred in denying his motion for continuance—and found no reversible error.

In addition, we have reviewed the entire record in this case for reversible error

pursuant to Arkansas Supreme Court Rule 4–3(i) (2010), and have found none.

Affirmed.