2012 Ark. App. 609
**John Wesley MAGNESS, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 12–71.**

Court of Appeals of Arkansas.

Oct. 31, 2012.

Jouett Law Firm, Fayetteville, by: Jason Andrew Jouett, for appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

ROBIN F. WYNNE, Judge.

John Wesley Magness appeals from his convictions on multiple charges by a Van Buren County jury. He makes the following arguments on appeal: (1) that his conviction on charges of sexual assault in the fourth degree and possession of a firearm by certain persons are not supported by substantial evidence; (2) that the trial court erred by denying his motion for a mistrial based on alleged juror misconduct; and (3) that the trial court erred by denying his motions to suppress or exclude certain physical evidence as well as his custodial statement. We affirm the judgment of the trial court.

On December 5, 2009, the Van Buren County Sheriff's Department received a report that V.W., who was fifteen years old, had left home with her belongings. Her parents informed authorities that appellant had worked for them and had been terminated from that employment after they noticed a bond forming between appellant and V.W. While driving down the road on which appellant lived, Investigator Jeffrey Bittle came across V.W. and appellant, who were in an embrace on the side of the roadway. When he asked the two who they were, the girl refused to answer and the man identified himself as "Shane." When Bittle asked the girl if she was the missing juvenile, she began to cry, and Bittle had her sit in the back of his vehicle. The man fled into the woods. V.W. informed Bittle that she and appellant had sexual relations on three occasions and indicated that appellant's DNA from two of those encounters would be present on the bed sheets located on the floor of the bedroom in his residence. Bittle requested and received a warrant to search appellant's residence for the following items:

bed sheets, bed linens, pillow cases, and clothes that could contain DNA evidence. The warrant erroneously stated that the items would be subject to seizure under Arkansas Code Annotated section 5-64-401, which pertains to possession of controlled substances. The report of return of the search warrant stated that the following evidence was seized from appellant's residence: bed linen found in a living room chair, men's underwear found in the floor of the first bedroom closet, bed linen found in the first bedroom floor, pornographic books with hand-written notes found in the night stand in the bedroom, and bed linen found on the bed in the second bedroom.

After appellant was apprehended, he was interviewed by Bittle and Investigator Bob Leal with the Arkansas State Police Crimes Against Children Division. Prior to the interview, appellant signed a written waiver of his *Miranda* rights. During the interview, appellant first denied having intercourse with V.W. but later admitted to engaging in intercourse with her. Appellant, who was forty-six years old at the time, also admitted that he knew she was fifteen years old.

Appellant was charged by information with four counts of sexual assault in the fourth degree, one count of possession of a firearm by certain persons, two counts of fleeing, and one count of resisting arrest. Prior to trial, appellant filed a motion to suppress in which he sought to suppress his custodial statement and evidence taken following the search of his residence. At the suppression hearing, Bittle testified that he and Bob Leal interviewed appellant and that he explained appellant's *Miranda* rights and had him sign the form. According to Bittle, appellant never asked to speak to an attorney.

Bittle testified that, as he was recovering bed linens off of the floor in appellant's

bedroom, he saw the pornographic written material in an open drawer in the night stand. He further testified that when he took V.W. back to appellant's residence to retrieve her belongings prior to obtaining the search warrant, he saw a gun that was "head high" right as the front door was opened. He stated that he retrieved the gun for safety purposes because appellant had not been apprehended at that time. Bittle knew at the time he took the gun that appellant was a convicted felon.

Leo Phillips testified that he owns the cabin in which appellant was staying and that appellant was living there while doing some work for him and his wife. The gun taken from the cabin belongs to Mr. Phillips and had been in the cabin for a year or so.

Appellant testified that at the time he signed the *Miranda* form and was interviewed, he had not slept in two days and had not had any food or water. He claimed that he asked for an attorney twice before he was interviewed. He also claimed that he was told that if he answered their questions there would be no charges filed.

The trial court stated that appellant moved to suppress his statement because he asked for an attorney. The trial court found that there was no evidence to support appellant's claim and denied the motion. The trial court denied the motion to suppress the gun because it was removed for safety reasons. The trial court also denied the motion to suppress the pornographic materials because they were in plain view during the execution of the search warrant.

On December 14, 2010, appellant filed a motion to dismiss without prejudice in which he argued that the search warrant was defective because it cited Arkansas Code Annotated section 5–64–401. The trial court treated the motion as one to suppress the items seized during the search and found that the citation to section 5–64–401 was a scrivener's error, as the rest of the affidavit in support of the warrant dealt with facts leading up to the discovery of DNA evidence, and denied the motion.

Appellant filed a motion in limine on June 17, 2011, in which he sought to exclude from trial certain evidence, including the DNA results from the bed linens seized from his residence and the pornographic materials taken from his residence. He argued in the motion that the items were not relevant, their prejudicial nature outweighed their probative value, and they were cumulative. The trial court denied the motion as to the DNA results and the pornographic material.

After the jury was sworn in, appellant moved for a mistrial, arguing that witnesses for the State were "visiting with" the jury. Bittle admitted to talking to jurors outside but denied that he was talking to them about the case. He was asked a question regarding the health of a former sheriff, and he answered it. Clovis Lewis, one of the jurors, testified that he had a conversation with officers but also denied that it had anything to do with the case. He stated that the conversation would not affect how he felt about the case. Another juror, James Burns, also testified that he talked to the officers but it had no connection to the case and was about the former sheriff. The trial court denied appellant's motion for a mistrial.

During the trial, V.W. testified that on December 5, 2009, she was fifteen years old. She testified that after she went to appellant's residence, she indicated that she did not want a romantic relationship with him, and he told her that if she did not do what he wanted she would have to leave. He then disrobed her and himself,

and they had intercourse. V.W. stated that the two of them went to a party at a neighbor's house and that they had intercourse again during the party. V.W. testified that she told appellant that she was fifteen years old. She admitted to telling Mr. Phillips that she was nineteen at appellant's request. V.W. said that she smoked, drove a car, and was applying to college at the time. She denied ever telling appellant that she was nineteen. She testified that she saw a gun in appellant's residence but that he never picked it up or said anything about it. She stated that no one else was staying there with appellant until she got there.

V.W.'s mother testified that she told appellant that V.W. was fifteen years old. Mary Simonson, a forensic DNA examiner with the Arkansas State Crime Laboratory, testified that vaginal swabs taken from V.W. contained a mixture of DNA from both V.W. and appellant.

Jeffrey Bittle testified that as he was searching for V.W. after she was reported as a runaway, he encountered appellant and V.W. embracing in a ditch by the side of the road. He put V.W. into his vehicle, and appellant fled into the woods. Bittle testified that while he was executing the search warrant, he saw an open drawer with sexually explicit magazines inside. He also testified that a rifle was removed from the residence that was right in front of the door. The State moved to introduce the pornographic material. The trial court noted appellant's previous objection to the introduction of the material, overruled it, and admitted the material into evidence. Bittle testified that, during his interview of appellant, appellant denied knowledge of the gun taken from the cabin. He stated that appellant eventually admitted to having sexual relations with V.W. and indicated that he knew she was around fifteen years old. According to Bittle, appellant

had been fed and given a chance to sleep prior to the interview.

The parties stipulated before the jury that appellant was a convicted felon. After the State rested, appellant moved for a directed verdict on the sexual-assault charges, arguing that the State failed to introduce any official documentation indicating V.W.'s age. He also moved for a directed verdict on the felon-in-possession-of-a-firearm charge, arguing that the State failed to prove that he had actual care and control or dominion over the firearm. The trial court denied the motions.

Leo Phillips testified that V.W. told him she was eighteen or nineteen years old. He also testified that the gun found in the cabin was his and that he did not believe appellant knew the gun was in the cabin.

Appellant testified that at the time he was interviewed by Bittle and Leal, he had not eaten or slept in two days. He also stated that he requested an attorney six times. Appellant testified first that he thought V.W. was nineteen and later that he thought she was twenty-three. Appellant denied being aware that there was a firearm in the cabin. He stated that, had he known there was a weapon in the cabin, he would have asked Mr. Phillips to remove it. Appellant denied that V.W.'s mother told him V.W. was fifteen.

At the close of all the evidence, appellant renewed his motions for directed verdict and they were denied. The jury returned verdicts of guilty on all counts. The trial court sentenced appellant to 300 months' imprisonment in a judgment and commitment order entered on June 23, 2011. This appeal followed.

## Sufficiency of the Evidence

Appellant's first point on appeal is that the trial court erred by denying his motions for directed verdict because the

jury's verdicts on the charges of sexual assault in the fourth degree and possession of a firearm by certain persons are not supported by substantial evidence. On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Sims v. State,* 2012 Ark. App. 472, 2012 WL 4009602. We will affirm the circuit court's denial of a motion for directed verdict if there is substantial evidence, either direct or circumstantial, to support the jury's verdict. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* Furthermore, this court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*

### 1. *Sexual Assault in the Fourth Degree*

A person commits sexual assault in the fourth degree if the person, being twenty years of age or older, engages in sexual intercourse or deviate sexual activity with another person who is less than sixteen years of age and not the person's spouse. Ark.Code Ann. § 5–14–127(a)(1)(A)(i) and (ii) (Supp.2011). Appellant's argument on appeal is that the verdicts on the charges of sexual assault in the fourth degree should be reversed because he believed V.W. was nineteen years old at the time they had intercourse. In his directed-verdict motion, he argued that the State failed to produce official documentation of V.W.'s age. Appellant is advancing an argument on appeal that is different from the one that he made in his directed-verdict motion at trial. A party cannot change the grounds for a directed-verdict motion on appeal but is bound by the scope and nature of the argument presented at trial. *Clayton v. State,* 2012 Ark. App. 199, 2012 WL 723239. As appellant has raised this argument for the first time on appeal, we will not consider it. *See id.*

### 2. *Possession of a Firearm by Certain Persons*

Subject to an exception not applicable in this case, no person shall possess or own any firearm who has been convicted of a felony. Ark.Code Ann. § 5–73–103(a)(1) (Supp.2011). Appellant argues that the State failed to prove that he possessed the firearm that was removed from the cabin. The testimony at trial was that appellant had been living in Leo Phillips's cabin for a week and the gun that was in the cabin belonged to Mr. Phillips. Appellant denied ever seeing the gun; however, the State produced evidence that the gun was plainly visible as soon as one walked into the cabin. V.W. testified that she saw the gun while in the cabin and no one was living in the cabin with appellant before she got there. Appellant stated during his testimony that if he had known there was a gun in the cabin, he would have asked Mr. Phillips to remove it, which is an indication that he was aware that he was prohibited from possessing a gun.

To sustain a conviction for possession of contraband, neither exclusive nor actual physical possession is necessary. *Bridges v. State,* 46 Ark.App. 198, 878 S.W.2d 781 (1994). Constructive possession, which is control or right to control, is sufficient. *Franklin v. State,* 60 Ark.App. 198, 962 S.W.2d 370 (1998). Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Darrough v. State,* 322 Ark. 251, 908 S.W.2d 325 (1995). Where there is joint occupancy of the premises where the contraband is seized, some additional factor must be found to link the accused to the contraband. *Em-*

bry v. State, 302 Ark. 608, 792 S.W.2d 318 (1990). In such instances, the State must prove that the accused exercised care, control, and management over the contraband and also that the accused knew that the object possessed was contraband. *Mayo v. State*, 70 Ark.App. 453, 20 S.W.3d 419 (2000). This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Nichols v. State*, 306 Ark. 417, 815 S.W.2d 382 (1991).

. The State put before the jury substantial evidence that appellant possessed the firearm. He lived by himself in a cabin for a week in which there was a gun in plain sight right in front of the door. Although he denied being aware of the presence of the gun, the jury is not required to believe any witness's testimony, especially the testimony of the accused, because he is the person most interested in the outcome of the trial. *Winbush v. State*, 82 Ark. App. 365, 107 S.W.3d 882 (2003). Appellant's conviction for possession of a firearm is supported by substantial evidence.

### Denial of Motion for Mistrial

Appellant's next point on appeal is that the trial court erred by denying his motion for a mistrial. A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. *Harrison v. State*, 371 Ark. 652, 656, 269 S.W.3d 321, 324 (2007). A circuit court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal. *Id.* The moving party bears the burden of. proving preju-

dice. *Butler v. State*, 349 Ark. 252, 82 S.W.3d 152 (2002). Prejudice will not be presumed. *See id.* Whether prejudice occurred is also a matter for the sound discretion of the trial court. *Id.*

After the jury was sworn in but before the opening arguments, some of the jurors spoke with officers who were later called as witnesses. The jurors and officers were questioned before the trial court, and everyone stated that the conversations had nothing to do with the case and only regarded the health of a former sheriff. Appellant argues that the conversations should be grounds for a mistrial regardless of their content. However, as stated above, appellant bears the burden of proving prejudice and prejudice will not be presumed. Here appellant has made no showing of any prejudice from what appears to have been a brief exchange between the jurors and the officers concerning a matter completely unrelated to the case and that would have no bearing on the jurors' views of the case. . We hold that the trial court did not abuse its discretion by denying appellant's motion for a mistrial.

### Evidentiary Rulings

Appellant's final point on appeal is that the trial court erred in denying his motion to suppress evidence based on a defective warrant, which was styled as a motion to dismiss, his motion to suppress the pornographic materials taken from the cabin, and his motion to suppress his custodial statement. In reviewing the denial of a motion to suppress evidence, our appellate courts conduct a de novo review based upon the totality of the circumstances, reversing only if the circuit court's ruling is clearly against the preponderance of the evidence. *Moss v. State*, 2011 Ark. App. 14, 380 S.W.3d 479. Because a determination of the preponderance of the evi-

dence depends heavily on questions of the weight and credibility of the testimony, we defer to the superior position of the trial court on those questions. *Id.*

### 1. *The Search Warrant*

 Appellant filed a motion to suppress the evidence seized during the search of his cabin based on his allegation that the warrant's reference to section 5–64–401 in the description of the property to be seized rendered it defective. Highly technical attacks on search warrants are not favored because the success of such attacks could discourage law-enforcement officers from utilizing search warrants. *Id.* Moreover, to uphold the validity of an affidavit made in support of a search warrant, it is not necessary that the affidavit be completely without ⌊₁₂inaccuracy as long as the inaccuracies are relatively minor when viewed in the context of the totality of the circumstances, including the affidavit taken as a whole and the weight of the testimony of the participants who procured and executed the search warrant. *Moss, supra.*

In this case, reading the affidavit and warrant as a whole, it is abundantly clear that the citation to section 5–64–401 was a minor error that did not render the warrant defective. The three-page affidavit and the warrant, which incorporates the affidavit, clearly state that the police were searching for items that might contain DNA linked to an alleged sexual assault. There is no possibility that the warrant caused any confusion for either the judge who signed it or the officers who executed it regarding what could be seized. Accordingly, the trial court did not err by finding that the warrant was not defective.

### 2. *Pornographic Materials*

 Appellant argues that the trial court erred by not suppressing the porno-graphic materials taken from his cabin. He contends that the pornographic materials were illegally seized because they were outside of the scope of the warrant. Appellant is correct that the materials were not listed in the warrant and were taken during the execution of the warrant. However, the State introduced testimony that the materials were plainly visible in an open night-stand drawer. The observation of evidence in plain view is not a search, and therefore the resulting seizure is not the result of an unreasonable search. *Washington v. State,* 42 Ark.App. 188, 192, 856 S.W.2d 631, 633 (1993). The basic test is whether the officer had a right to be in the position he was when the objects fell into his plain view. *Id.* Investigator Bittle was executing a valid search warrant and was retrieving an item listed in the warrant when ⌊₁₃he saw the pornographic materials in plain view inside an open drawer. Appellant's argument on this point is without merit.

 Appellant also argues that the materials were not relevant and that it was error for the trial court to admit them into evidence. The admissibility of evidence is within the sound discretion of the trial court, and its decision to admit or exclude evidence will not be disturbed absent an abuse of discretion. *Mathis v. State,* 2012 Ark. App. 285, 423 S.W.3d 91. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence. Ark. R. Evid. 401 (2012). Evidence which is relevant is generally admissible; evidence which is not relevant is not admissible. Ark. R. Evid. 402 (2012). A trial court's ruling on the admission of evidence will not be reversed absent a showing of prejudice because appellate courts do not reverse for harmless error. *Wilson v. State,* 2012 Ark. App. 566, 2012 WL 4833808.

**404**

We hold that appellant has failed to demonstrate prejudice from the admission of the pornographic materials. In this case, V.W. testified that she and appellant had sex and appellant never challenged that testimony. In addition, there was DNA evidence indicating that the two had sexual intercourse. As stated above, the State produced testimony from V.W. and her mother that appellant knew V.W. was fifteen as well as appellant's own statements that he knew she was fifteen. There was ample evidence aside from the pornographic materials that appellant committed the offense of sexual assault in the fourth degree, which was the only charged crime of a sexual nature. As appellant has failed to demonstrate prejudice, we affirm on this point.

### 3. *Custodial Statement*

Finally, appellant argues that the trial court erred by not suppressing his custodial statement. He argues that the statement was not voluntarily given because at the time he was interviewed, he had not had sleep, food, or water for two days. At trial, appellant made this argument and also argued that he requested an attorney. The trial court denied the motion to suppress the statement, finding that there was no evidence that appellant requested an attorney. The trial court never ruled on appellant's argument regarding his physical state at the time of the interview. Failure to obtain a ruling on an issue at the trial court level precludes review on appeal. *Small v. State,* 371 Ark. 244, 264 S.W.3d 512 (2007). Appellant's argument is not preserved for review, and we will not consider it.

Affirmed.

VAUGHT, C.J., and BROWN, J., agree.