SLIP OPINION          Cite as 2014 Ark. 445

# SUPREME COURT OF ARKANSAS

No. CR–13–294

|  |  |
|---|---|
|  | **Opinion Delivered** October 30, 2014 |
| SHARVELT MARQUETTE MISTER<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. CR-2000-1053, CR-2001-238/239, CR-2007-953/969E] |
| V. |  |
|  | HONORABLE STEPHEN TABOR, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

Upon the circuit court's revocation of his six suspended sentences for controlled-substance convictions, appellant, Sharvelt Marquette Mister, was sentenced to a total of 57 years' imprisonment. The Arkansas Court of Appeals affirmed the circuit court's decision. *Mister v. State*, 2012 Ark. App. 375. Mister then filed a petition for postconviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure. Following a hearing, the circuit court denied the petition, and Mister now appeals. On appeal, Mister argues that his trial counsel was ineffective because counsel never explained to him his maximum sentencing exposure and also misled him about a plea offer. We hold that the circuit court did not clearly err in denying relief and affirm.

In an appeal from the denial of postconviction relief, this court considers whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's

performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g.*, *Cothren v. State*, 344 Ark. 697, 703, 42 S.W.3d 543, 547 (2001). Under *Strickland*, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Strickland*, 466 U.S. at 687. A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687–88. In doing so, the claimant must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689. Further, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Id.* at 687. Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* at 694.

In 2001, Mister was sentenced on each of three controlled-substance offenses to nineteen years' imprisonment with an additional suspended imposition of sentence of ten years. The record further shows that in 2007, he was sentenced on each of three controlled-substance offenses to twelve years' imprisonment with a suspended imposition of sentence of eight years. In 2010, the State petitioned to revoke the six suspended sentences. The circuit court granted the State's petition, and Mister was sentenced to twenty-one years' imprisonment on each of the three 2001 convictions and eighteen years' imprisonment on each of the three 2007 convictions. The court ran the three twenty-one-year sentences

concurrently, ran two of the eighteen-year sentences concurrently but consecutive to the three twenty-one-year sentences, and ran the third eighteen-year sentence consecutively to both the three twenty-one year sentences and the two eighteen-year sentences. Mister was to serve a total of fifty-seven years' imprisonment.

At the Rule 37 hearing, Mister testified that on the day of his revocation hearing, his trial counsel, Naif Samuel Khoury, told him that he had "a twenty-year plea deal." Mister testified that he wanted to sign the plea agreement but that Khoury told him that he had to sign the plea agreement in front of the prosecutor. Mister testified, however, that when he arrived at the hearing, he "walked into a bench trial," and that he thought he "was going to take a plea bargain."

Mister testified that he had previously received a plea offer of thirty years and that he had rejected it. Mister further testified that he also received another plea offer for twenty-five years. Mister testified that he wanted a twenty-year plea agreement, and Khoury told him that the State would not make such an offer, but on the day of the hearing, Khoury told him he had a twenty-year plea offer, and Mister wanted to accept it.

Mister further testified that his maximum sentencing exposure was never explained to him. Mister testified that when he received a letter from the State offering a thirty-year plea, the letter stated that his maximum exposure was 117 years. On cross-examination, Mister testified that Khoury had brought the letter over to him but did not explain to him that his exposure was 117 years. Mister testified that when he returned to prison, Khoury sent him a paper that Khoury had received from the State that set out how the 117-year sentencing

exposure was calculated, but that Khoury had never explained it to him. During questioning by the court, Mister admitted that he knew about the 117-year sentencing exposure prior to trial and that Khoury knew about it as well. Mister agreed that he rejected the thirty-year offer and the twenty-five year offer because he did not understand the 117-year sentencing exposure.

Khoury testified that he received a letter setting out the State's offer of thirty years' imprisonment with the State's estimate of 117 years and spoke to Mister about the letter but that Mister rejected the offer. Khoury testified that he also received a facsimile from the State setting out the 117-year sentencing exposure and that he went over the document with Mister. According to the document, Mister's exposure was twenty-one years on each of the 2001 convictions and eighteen years on each of the 2007 convictions, which added to 117 years. Khoury testified that Mister appeared to understand what he was telling him but disagreed with the amount and wanted Khoury to look into it. Khoury further testified that he discussed with Mister the State's offer of twenty-five years' imprisonment and that Mister rejected it. Khoury also testified that, at Mister's request, he filed a motion with the court asking the court to assess Mister's claim that his exposure was only twenty-eight years. Khoury testified that he was never under the impression that Mister's maximum sentencing exposure was twenty-eight years.

Khoury testified that he had prepared for the revocation hearing. Khoury also testified that he did not recall a twenty-year plea offer. Khoury was asked about a plea statement, dated the date of the hearing, with his signature on it that set out a plea offer of twenty years with

4

fifteen years suspended. Khoury testified that it "looks like" an offer of twenty years. Khoury further testified, however, that "[t]his may have been something that I was pushing on the prosecutor." At this point, the court interjected, stating that "from personal experience, having been a prosecutor in Mr. Khoury's cases, that was something that he did with some degree of regularity, was complete plea forms and present them to the State." In response to Khoury's testimony, Mister again took the stand. Mister denied that Khoury explained the document setting out the State's calculation of Mister's 117-year maximum exposure.

In its written order, the circuit court denied Mister's petition. The court found that the evidence adduced clearly showed Khoury's efforts to try and resolve the matter by plea, but with the strategic and tactical plan to prepare for the hearing. Further, the court found that Khoury's motion asserting that Mister's maximum sentence exposure was twenty-eight years and Khoury's counter-proposal to the State of a twenty-year sentence were both matters of trial tactics or strategy and that Khoury's decision was supported by reasonable professional judgment.

In his argument on appeal, Mister notes that, prior to the revocation hearing, he rejected both the State's offer of thirty years' imprisonment and twenty-five years' imprisonment. He asserts that, because he was under the belief that he was facing a sentencing exposure of twenty-eight years' imprisonment, he wanted a plea agreement for twenty years' imprisonment. He contends that, even though the State had indicated on the plea offers that he had a maximum sentencing exposure of 117 years' imprisonment, he "did not understand," that Khoury "never explained to him the extent of his exposure or how the State had

5

determined the maximum sentencing exposure was 117 years," and that Khoury could not explain it to him since Khoury did not understand. Mister contends that had he been aware of the extent of his maximum sentencing exposure of 117 years, he would have accepted one of the State's plea offers because that would have constituted a "fair deal," whereas an offer of twenty-five or thirty years on a twenty-eight-year maximum sentence would not have been a "good deal." Further, Mister asserts that Khoury was ineffective because he misled him into believing that there had been a plea offer of twenty years, and that he relied upon the misrepresentation, accepted the alleged plea offer, and expected to enter a plea on the day of the hearing instead of facing a trial. Mister alleges that Khoury never told him he was going to trial and never prepared for trial.

In considering Mister's arguments that Khoury did not explain to him the 117-year maximum sentencing exposure, Mister admitted at the hearing that he was aware of the 117-year sentencing exposure. Further, Khoury testified that he explained to Mister the State's calculation of the 117-year sentencing exposure. Thus, the evidence establishes that both Khoury and Mister were aware of the possible sentence and that Khoury had advised Mister about it. Even though Mister testified that Khoury did not explain it to him, Khoury testified otherwise, and the resolution of credibility issues is within the province of the circuit court. *See, e.g.*, *Johnson v. State*, 321 Ark. 117, 127–28, 900 S.W.2d 940, 946 (1995).

As for Mister's allegations relating to the twenty-year plea offer, Khoury testified that he did not recall a twenty-year plea offer from the State. Further, Mister did not present any evidence indicating that the State made such an offer. Rather, the only evidence adduced

relating to a twenty-year plea offer was a plea statement signed, not by the State, but by Khoury, and Khoury testified that "[t]his may have been something that I was pushing on the prosecutor." The circuit court concluded that Khoury's counterproposal of a twenty-year sentence was a matter of trial tactics or strategy and that Khoury's decision was supported by reasonable professional judgment. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *See, e.g.*, *Henington v. State*, 2012 Ark. 181, at 9, 403 S.W.3d 55, 61–62. Though Mister further alleges that he was misled by Khoury and that Khoury never prepared for trial, the circuit court considered Khoury's testimony that he prepared for the hearing and then found that Khoury's strategic and tactical plan was to prepare for the hearing on the State's petition to revoke Mister's suspended sentences while trying to resolve the matter by plea. Resolution of issues relating to Mister's and Khoury's credibility was within the province of the circuit court. *Johnson*, *supra*. Based on this record, we cannot hold that the circuit court clearly erred in making this finding. Thus, we hold that Mister failed to make the requisite showing under *Strickland*, and we affirm.

Affirmed.

*Andrew Vess*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.