SLIP OPINION

Cite as 2015 Ark. 185

# SUPREME COURT OF ARKANSAS

No. CR-14-620

| | |
|---|---|
| JOHN W. MAGNESS<br>APPELLANT | **Opinion Delivered** April 30, 2015 |
| V. | PRO SE APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT AND PRO SE MOTION FOR ORAL ARGUMENT<br>[NO. 71CR-09-159] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | AFFIRMED; MOTION DENIED. |

**PER CURIAM**

After a 2011 jury trial, appellant John W. Magness was convicted of four counts of fourth-degree sexual assault, possession of a firearm by a felon, two counts of fleeing, and resisting arrest. The judgment reflects that he received an aggregate sentence of 300 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed the judgment. *Magness v. State*, 2012 Ark. App. 609, 424 S.W.3d 395. Magness then filed in the trial court a timely pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014). The trial court dismissed and denied the petition. This appeal followed.

Magness asserts as grounds for his appeal that the trial court erred in finding that each of the three attorneys who represented him was not ineffective, that the trial court erred in failing to grant postconviction relief because his trial attorney had committed suicide, and that the trial court incorrectly relied on a case decided after Magness's petition was filed when it

denied relief on his claim that there had been an illegal search and seizure. Magness additionally alleges that the State failed to show that he was not entitled to Rule 37 relief and that the trial court's written findings were not adequate under Arkansas Rule of Criminal Procedure 37.3. We find no reversible error and affirm. Magness's motion for oral argument is denied.[1]

This court does not reverse the grant or denial of postconviction relief unless the trial court's findings are clearly erroneous. *Young v. State*, 2015 Ark. 65. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

The trial court conducted two hearings on the Rule 37.1 petition. While it took no evidence on the issues, the order denying postconviction relief reflects that the trial court took into consideration pleadings filed by the parties and the arguments made in the hearings.[2] Because the court granted hearings on the matter, Rule 37.3(c) required that the court determine the issues and provide written findings of fact and conclusions of law with respect to those issues.

This court has held it that is mandatory that the trial court comply with Rule 37.3(c)'s requirement to provide written findings of fact and conclusions of law on every point addressed

---

[1]Magness filed the motion more than four months after filing his reply brief. A request for an oral argument is not timely under Arkansas Supreme Court Rule 5-1(a) (2014) if not filed contemporaneously with the appellant's brief. *Ferguson v. State*, 342 Ark. 273, 26 S.W.3d 787 (2000) (per curiam) (holding that a request for oral argument must be made contemporaneously with the filing of the brief).

[2]Magness filed a motion for leave to amend the petition, motions to compel, and a number of responses to the State's pleadings. The State filed a response to the petition and other pleadings and a motion for summary disposition.

SLIP OPINION

at a hearing on a Rule 37.1 petition. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam). We remand when the findings provided are not adequate for our review, and we have consistently remanded when the trial court failed to enter any written findings following a hearing. *Id.* Where the trial court provides written findings on at least one, but less than all of the claims in the petition, however, we have held that an appellant has an obligation to obtain a ruling on any omitted issues to be considered on appeal.[3] *Id.* Here, the findings that the trial court included in the order are adequate for our review.

Magness's first two points on appeal concern his claims of ineffective assistance of counsel. In his Rule 37.1 petition, appellant alleged ineffective assistance by the three attorneys who represented him. Our review of claims of ineffective assistance of counsel follows the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that two-prong analysis, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. To satisfy the first prong of the *Strickland* test, a postconviction petitioner must show that

---

[3]Magness contends that the petition was summarily dismissed under Rule 37.3(a). Under Rule 37.3(a), the trial court is to specify the parts of the files or record that are relied on to sustain the court's finding that the petitioner was entitled to no relief. The court provided Magness with an opportunity to develop his claims in the hearings, however. It proceeded under Rule 37.3(c).

SLIP OPINION

counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Mister v. State*, 2014 Ark. 445, 446 S.W.3d 624. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Young*, 2015 Ark. 65. The petitioner has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

To satisfy the second prong of the test and show that he was so prejudiced that he was deprived of a fair trial, a petitioner must demonstrate a reasonable probability that the decision reached would have been different absent counsel's errors. *Mister*, 2014 Ark. 445, 446 S.W.3d 624. The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice. *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam). Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting a Rule 37.1 petition. *Id.*

The first attorney who represented Magness and that Magness alleges failed to effectively represent him was Ralph Blagg. The basis for the claim was that Blagg made a statement that Magness was in possession of a gun found at his residence. The statement was made during a pretrial hearing on a motion to suppress. The trial court found that, because the statement was made as part of an argument to establish standing to challenge the search, the decision to make the statement was a reasonable strategic decision.

The search at issue in the hearing was conducted at a cabin owned by Leo Phillips. Phillips testified at the pretrial hearing and at trial that the gun found in the cabin was his. The trial court noted in its order that Blagg had made the statement in response to a question concerning his client's standing to challenge the search. The court found that the statement was made as a strategic decision that the statement was necessary to establish standing to challenge the search. We need not determine, however, whether Blagg's performance was deficient when he made the statement because it is clear that Magness failed to demonstrate prejudice from Blagg's statement.

Magness is incorrect in his assertion that the State had a burden to demonstrate that he was not entitled to relief. As noted above, it is the petitioner who must show both deficient performance by counsel and prejudice in order to warrant relief on a claim of ineffective assistance. Unless a petitioner under Rule 37 makes both required showings under the *Strickland* analysis, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883. There is therefore no reason for a court deciding an ineffective-assistance claim to address both components of the inquiry if the petitioner fails to make a sufficient showing on one. *Id.*

Here, Magness did not carry his burden to demonstrate facts in support of his claim that he was prejudiced by counsel making the statement. He offered no alternative argument that counsel should have presented in order to have established standing to challenge the search, or to have changed the outcome of the pretrial hearing. In the petition, he appears to contend that the remark was at odds with his position at trial that he had no knowledge of the gun. However,

Blagg's concession on that issue, if it were one, was not mentioned to the jury, there was no reference to it at trial, and the jury was instructed to determine the facts based on the evidence at trial. So, Magness failed to establish any basis for the remark having an impact on the jury's decision.

Magness alleges that trial counsel, Mel Jackson, was ineffective for filing a motion that was "stolen" from appellant, for leaving a hearing and causing appellant to have to represent himself, for moving to withdraw in front of the jury, for causing appellant to object to evidence and to file a pro se notice of appeal, and for committing suicide.[4] We agree with the trial court's conclusion in its order denying relief that Magness did not plead facts that were supported by the record for these claims. We further agree with the trial court's conclusions that Magness did not demonstrate prejudice from the claims, did not satisfy the *Strickland* standard, and failed to identify specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, were not the result of reasonable professional judgment.

Magness contended that Jackson was ineffective because a motion that Jackson filed to dismiss without prejudice was "stolen" from appellant. The motion at issue asserted the same claims that Magness had stated in a pro se motion to dismiss without prejudice filed a few days before counsel's motion. As the trial court's order indicates, the two pleadings were argued and considered together during a pretrial hearing. Magness did not, either in the petition or in the hearings, meet his burden to demonstrate that this action by counsel could not have been the

---

[4]Magness's arguments on appeal that Jackson was ineffective follow a slightly different order from the claims listed in the petition. The points also appear to group issues together in an ambiguous and confusing manner, as the State notes. For clarity, we address the issues in the order as listed in the petition and the court's order addressing it.

result of reasonable professional judgment.

As the trial court noted in its order, the record does not support Magness's claim that Jackson left a hearing before the proceedings concluded. No hearing occurred on the date for the hearing in the petition. There was a hearing the day before that date discussing a continuance. Magness appeared to contend during one of the hearings on the Rule 37.1 petition that it was this hearing that he meant to reference. The record indicates, however, that Jackson appeared for Magness at the continuance hearing. The record does not reflect that Jackson left that hearing prior to its conclusion or that he left any other hearing before it was concluded. Even if Jackson had left during the continuance hearing, Magness again pointed to no prejudice from that action. In the hearing, the court reaffirmed that it had already granted a continuance to the State. The court indicated that there would therefore be no hearing or trial the next day as had been previously scheduled. Jackson's presence or absence at the hearing would not have changed what occurred in the hearing or at trial.

The record also does not reflect that Jackson moved to withdraw as counsel in front of the jury. Jackson did move to withdraw, but the discussion that Magness referenced occurred during an in camera hearing conducted while the jury was in recess. According to the record, Magness only points to remarks made at a time when the jury was absent. Magness did not identify any references to Jackson's request to withdraw that occurred while the jury was present in the courtroom.

Magness alleges generally that Jackson failed to make evidentiary objections, and Magness specifically alleges that Jackson failed to object to the introduction of State's exhibit number 27.

The State contends that Magness did not obtain a ruling on this issue. To the extent that the trial court's general findings on Jackson's assistance may have addressed the issue, we agree with those findings that Magness failed to satisfy the *Strickland* standard.

Exhibit 27 was a pornographic drawing that appears to have been admitted with other materials from the search at Magness's residence. The drawing was separately numbered, and it was recognized as having previously been admitted during Magness's cross-examination. This was the only specific omission by counsel identified in regard to an evidentiary objection. Magness did not allege any basis on which counsel might have successfully opposed the introduction of the evidence. A petitioner does not demonstrate the requisite prejudice for a claim of ineffective assistance based on the failure to make an objection if he does not establish that counsel could have made a successful objection. *Davis v. State*, 2013 Ark. 118 (per curiam). Magness did not demonstrate any basis for a successful objection.

Magness's claim that Jackson was ineffective because Jackson's actions caused Magness to file a pro se notice of appeal also fails because Magness alleged no facts to demonstrate prejudice. Magness alleged that Jackson withdrew as counsel after the trial. Magness then filed a pro se notice of appeal. Magness alleged that Jackson moved to vacate his withdrawal, and Jackson did file a timely notice of appeal. The appeal was perfected, and Magness was not denied his direct appeal.

In his brief, Magness argues that he was prejudiced because he was entitled to self-representation. The argument was not included in his Rule 37.1 petition, and it does not appear to have been made at any hearing. We have routinely held that we will not hear arguments raised

for the first time on appeal. *Nooner v. State*, 339 Ark. 253, 4 S.W.3d 497 (1999). Even if Magness's arguments during the hearings on the petition could be construed to raise the issue, the trial record contains no request by Magness to waive his right to counsel. *See Walton v. State*, 2012 Ark. 336, 423 S.W.3d 56 ("A defendant in a criminal case may invoke his right to defend himself pro se provided that (1) the request to waive the right to counsel is unequivocal and timely asserted; (2) there has been a knowing and intelligent waiver; and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of the issues."). Magness did not demonstrate prejudice from Jackson's actions.

Magness alleged in his petition that Jackson's suicide supported a vague claim that Jackson's mental condition somehow negatively affected counsel's performance at trial. Magness also argues on appeal that Jackson was somehow ineffective for committing suicide or having the mental condition that led to his suicide. The State contends that Magness did not preserve this issue for appeal because he did not obtain a ruling on it. To the extent that the trial court's general ruling that Jackson was not ineffective may be construed to address the issue, Magness did not satisfy the *Strickland* standard. Magness did not point to any specific actions or omissions resulting from Jackson's alleged mental state during the trial, other than those already discussed. He therefore failed to carry his burden to overcome the presumption that Jackson was effective.

Magness's final claim of ineffective assistance was that appellate counsel, Jason Andrew Jouett, was ineffective. Magness claimed that Jouett advanced a different argument on appeal than what was raised at trial. In the opinion on direct appeal, the court of appeals declined to

consider the argument that there was insufficient evidence of fourth-degree sexual assault because that argument was not the one raised in the motion for directed verdict. *Magness*, 2012 Ark. App. 609, 424 S.W.3d 395. The argument considered on the motion for directed verdict was that the State had failed to present sufficient evidence of the victim's age at the time of the crime. At trial, the victim and her mother had both testified as to the victim's age at the time of the sexual assault. The victim's testimony alone was sufficient to have supported the verdict. *Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5.

The failure to make an argument that is meritless is not ineffective assistance of counsel. *Mitchell v. State*, 2012 Ark. 242. The petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. *State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 315. Magness failed to support his claim that appellate counsel had failed to raise a meritorious argument. The argument that Magness contends counsel should have raised was without merit. The trial court did not clearly err in denying postconviction relief on this claim.

Finally, Magness argues on appeal that the trial court erred in ruling that his last ground for relief in the petition was not cognizable in a Rule 37.1 proceeding. He contends that, because the order cited a case that was handed down after he filed his petition, the rule of law should not be applicable to him. The rule of law that Magness contends was not applicable, however, was not new.

Magness alleged the search of his residence was unconstitutional because the officers conducted a warrantless search, that the warrant was defective, and that the evidence from the

search should not have been admitted. It is well settled that the Rule does not provide a method for review of mere trial error. *Taylor v. State*, 297 Ark. 627, 764 S.W.2d 447 (1989). Those issues not so fundamental as to render the judgment void and open to collateral attack are waived if not raised at trial or on appeal. *Hulsey v. State*, 268 Ark. 312, 595 S.W.2d 934 (1980). More specifically, Rule 37.1 is not a means to challenge the admissibility of evidence. *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995). Rule 37.1 does not permit a direct attack on a judgment. *Mingboupha v. State*, 2011 Ark. 219 (per curiam). Assertions of trial error, even those of constitutional dimension, must be raised at trial and on appeal. *Green v. State*, 2013 Ark. 455 (per curiam).

Magness failed to demonstrate that the trial court was clearly erroneous in summarily denying postconviction relief. Accordingly, the trial court's order dismissing and denying postconviction relief is affirmed.

Affirmed; motion denied.

*John W. Magness*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.