Rhonda K. Wood, Justice, dissenting.
Appellant, Edward Joseph Reynolds, appeals the circuit court's order denying his petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2017). The State has filed a motion to dismiss the pending appeal. Because there is no merit to Reynolds' appeal, I would dismiss the appeal and find the State's motion moot.
This court has repeatedly and unanimously held that an appeal from an order for postconviction relief will not be permitted to go forward when it is clear the appellant cannot prevail. See, e.g. , Brown v. State , 2017 Ark. 232, 522 S.W.3d 791 ; Gardner v. Kelley , 2018 Ark. 300, 2018 WL 5076670. A jury convicted Reynolds of aggravated assault and kidnapping and sentenced him to fifteen years' plus life imprisonment. This court affirmed. Reynolds v. State , 2016 Ark. 214, 492 S.W.3d 491.
In his petition alleging ineffective assistance of counsel, Reynolds alleged counsel was ineffective as follows: 1) failing to preserve the specific argument that the State had not proven he acted with purpose as to the aggravated assault; 2) failing to object to photographs of the victims; 3) failing to object to the victim's testimony about her injuries; 4) failing to interview a witness that would have shown a positive light on defendant; 5) that statements by the prosecutor at trial were prejudicial and the curative instruction was insufficient; 6) failing to raise an accomplice-liability argument; and 7) failing to object to the kidnapping charge level on the verdict form because the defendant left the victim alive and in a safe place.
The trial court conducted a hearing and ruled that the defendant's contentions either were meritless, unproven, not grounds for relief, or trial strategy as explained through his counsel's testimony. Reynolds appeals. On appeal, he abandons a majority of his arguments. Reynolds instead focuses primarily on the lack of sufficient evidence for his conviction, the location of the victim, and the prosecutor's conduct (to which the defense counsel objected and obtained a curative instruction). The circuit court is correct that these are not grounds for an ineffective assistance of counsel claim.
In an appeal from a denial of postconviction relief, this court considers whether, based on the totality of the evidence, the circuit court clearly erred in holding counsel's performance was not effective. Mister v. State , 2014 Ark. 445, at 1, 446 S.W.3d 624, 625. After a full review of the record and the merits of his appeal, based on the standard under Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and this court's longstanding interpretation, Reynolds cannot succeed on the claims remaining on appeal that relate to ineffective assistance of counsel. Therefore, I would dismiss the appeal and find the State's motion moot.
For these reasons, I dissent.
Kemp, C.J., and Womack, J., join in this dissent.