Cite as 2020 Ark. App. 259

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-19-697

| | |
|---|---|
| CYNTHIA OVERTON | **Opinion Delivered:** April 22, 2020 |
| APPELLANT | |
| | APPEAL FROM THE SALINE |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 63CR-18-994] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE GARY ARNOLD, |
| | JUDGE |
| | |
| | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Cynthia Overton was convicted by a Saline County jury of felony fleeing and misdemeanor theft of property from a Bryant, Arkansas, Walmart. On appeal, Overton contests the trial court's denial of her motions for a directed verdict. Because the state presented sufficient evidence to support her convictions, we affirm.

On July 27, 2018, Overton entered Walmart's electronics department  She placed two soundbars in her cart and sandwiched the two L-shaped boxes together in such a way that they looked like one rectangular box. Overton then proceeded to the self-checkout lanes at the front of the store, where she scanned and paid for one of the soundbars but not the other.[1] She then proceeded to leave the store.

---

[1]The purchased soundbar was $149 plus tax, while the unscanned soundbar was priced at $299 plus tax.

Dennis Hill, a Walmart asset-protection associate, observed her activity. He stopped Overton in the vestibule of the store on her way out, confirmed that she had only paid for one of the items, and asked her to accompany him to the asset-protection office. Overton complied with his request and followed Hill to the office.

Shortly thereafter, Overton grabbed the purchased soundbar, left the asset-protection office, and exited the store. Hill followed her out of the store. He watched her approach a white SUV and place the soundbar in the backseat. Hill then observed Overton position something over the license plate before leaving. As she was leaving in the white SUV, she allegedly backed into an employee's vehicle, causing damage.[2]

Bryant police officer Caleb Stracener, who was nearby, responded to a call that an alleged shoplifter at Walmart was fleeing the scene. As he approached Walmart, he saw a white SUV speed through an intersection with a four-way stop. The SUV did not stop and almost collided with another vehicle that had the right of way. Officer Stracener activated his blue lights and began pursuit of the SUV while driving a bright blue patrol vehicle with the word "Police" on the side.

Officer Stracener pursued the SUV into the parking lot of Cracker Barrel. Inside this parking lot, the SUV struck an inside curb, which caused damage to the vehicle and resulted in the SUV's briefly stopping. The SUV then sped off again, ran another four-way stop, and entered the parking lot of a Murphy Oil gas station where there were multiple cars. Inside this parking lot, the SUV narrowly missed striking vehicles, including a van with children

---

[2]In connection with this alleged damage, Overton was charged with one count of first-degree criminal mischief. However, she was acquitted of this charge by the jury.

inside, before eventually coming to a complete stop. Overton was the only person in the SUV, and she was apprehended. When Officer Stracener apprehended Overton, he noticed a bag had been placed in such a way as to partially obscure the license plate of Overton's vehicle.

As a result of these events, Overton was charged as a habitual offender with one count of felony fleeing and one count of misdemeanor theft of property. The matter proceeded to a jury trial. The jury found her guilty of both charges and recommended a twelve-year sentence on the fleeing conviction and a sentence of not more than one year in the county jail for the theft conviction. The court accepted the jury's recommendation and ran the sentences concurrently. Overton now appeals her convictions, alleging that there was insufficient evidence to support the convictions.

At the close of the State's case and at the close of all the evidence, Overton moved for a directed verdict, which is treated as a challenge to the sufficiency of the evidence. *Estrada v. State*, 2011 Ark. 3, 376 S.W.3d 395. The test for such motions is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Id*. On appeal, appellate courts review the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id*.

In her motion for directed verdict, Overton argued that the State had not met its burden on her fleeing conviction because her actions did not create a substantial risk of harm, death, or injury. On appeal, Overton argues that the State failed to prove that she

manifested extreme indifference to human life while driving a vehicle. In other words, she has changed her argument on appeal. Our appellate review is limited to those grounds that were presented to the circuit court. We have held that a party cannot change the grounds for a directed-verdict motion on appeal but is bound by the scope and nature of the argument presented at trial. *Magness v. State*, 2012 Ark. App. 609, at 8, 424 S.W.3d 395, 401; *see also Marbley v. State*, 2019 Ark. App. 583, 590 S.W.3d 793; *Petty v. State*, 2017 Ark. App. 347, 526 S.W.3d 8.

If her argument was preserved for appeal, we would affirm her felony fleeing conviction as there was sufficient evidence to support the verdict. Arkansas Code Annotated section 5-54-125(a) provides that "[i]f a person knows that his or her immediate arrest or detention is being attempted by a duly authorized law enforcement officer, it is the lawful duty of the person to refrain from fleeing, either on foot or by means of any vehicle or conveyance." Ark. Code Ann. § 5-54-125(a) (Repl. 2016). Fleeing by means of any vehicle or conveyance is considered a Class D felony if, under circumstances manifesting extreme indifference to the value of human life, a person purposely operates the vehicle or conveyance in such a manner that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-54-125(d)(2).

Viewed in the light most favorable to the State, we conclude that there is substantial evidence to support Overton's conviction for felony vehicular fleeing. She fled in a vehicle, drove in excess of the speed limit, and ran two separate four-way stops while being pursued by a marked patrol car running both lights and a siren. She narrowly missed other vehicles, including a van with children inside. These facts are sufficient to support a finding that she

drove the vehicle in a manner that manifested extreme indifference to the value of human life.

As to her theft-of-property conviction, Overton argues that the State failed to prove the intent element of the crime—that she knowingly exercised unauthorized control over the property of Walmart. She contends that the evidence did not exclude the possibility that she intended to scan and pay for both items before leaving the store and that she believed that she had.

In order to commit theft of property, Overton must have knowingly taken or exercised unauthorized control over or made an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property. Ark. Code Ann. § 5-36-103(a)(1). This court has noted that a criminal defendant's intent or state of mind is seldom apparent, can seldom be positively known to others, and ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Rose v. State*, 2018 Ark. App. 446, 558 S.W.3d 415. Thus, the fact-finder may draw on common knowledge and experience to infer intent from the circumstances, and a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.* Further, our supreme court has said that flight to avoid arrest is admissible as a circumstance in corroboration of evidence tending to establish guilt. *Drennan v. State*, 2018 Ark. 328, 559 S.W.3d 262.

We find Overton's arguments unavailing. Viewing the evidence in the light most favorable to the State, Overton chose two soundbars and placed them in her cart in such a manner that it appeared there was only one box. She then proceeded to the self-checkout

where she scanned only the lower priced item. After being questioned, she left the store. She took affirmative steps to hide her license plate before speeding away. She continued to flee despite damage to her vehicle and despite being followed by a marked police car with its lights activated. Viewing this evidence in the light most favorable to the State, there was sufficient evidence from which the jury could find that Overton acted with the requisite intent to commit theft of property.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Jones Law Firm*, by: *Parker Jones* and *John A. Butler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.